■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES SANTORE, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Suffolk County, imposed June 2, 1972. Sentence affirmed. No opinion. The case is remitted to the County Court, Suffolk County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NUNZIO VETRANO, also Known as BIG NED, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered February 10, 1972, convicting him of criminal usury (10 counts) and conspiracy in the third degree, after a nonjury trial, and sentencing him to an indeterminate prison term of not more than three years on each of the 10 criminal usury convictions and to a term of one year in the Suffolk County Jail on the conspiracy conviction, all the sentences to run concurrently. Judgment reversed, on the law, and new trial ordered. The findings of fact have not been considered. Defendant was tried together with two other men before an Acting County Judge who sat without a jury. The conviction of one of these men, Vincent Corelli, was reversed because of the Trial Judge's familiarity with Corelli's past and because of the Trial Judge's failure to reveal such familiarity at the time Corelli waived his right to trial by jury (*People* v. *Corelli,* 41 A D 2d 939). In our opinion the rationale expressed in the *Corelli* case is equally applicable to a defendant who may be adversely affected by the tribunal's unrevealed knowledge of his codefendant. Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.