In the Matter of LOURETHA WALKER et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v FRED J. BUSCAGLIA, Individually and as Commissioner of the Erie County Department of Social Services, et al., Respondents.

Fourth Department, December 14, 1979

## APPEARANCES OF COUNSEL

*Olney Clowe* for appellants.

*Robert Abrams, Attorney-General (Peter Todoro* of counsel), for Barbara Blum and others, respondents.

*Thaddeus J. Szymanski, County Attorney (Peter Aiello* of counsel), for Fred J. Buscaglia, respondent.

## OPINION OF THE COURT

WITMER, J.

This appeal presents questions (1) as to the jurisdiction of Family Court, (2) whether an article 78 proceeding in the nature of prohibition is an appropriate vehicle by which to test such jurisdiction and to afford a proper remedy to petitioners and, if so, (3) what the remedy should be. The case arises from efforts by respondent Fred J. Buscaglia, Commissioner of Erie County Department of Social Services, to require the parents of petitioners either to reimburse the county for current public assistance payments being made to petitioners or to accept the return of petitioners to the respective parents' homes and support them without public assistance.

Petitioners are three emancipated minors, 19 or 20 years of age, who have been receiving public assistance from respondent Commissioner Buscaglia. In an effort to reduce the welfare tax burden on Erie County, respondent commenced three support proceedings against their parents pursuant to sections 415 and 422 of the Family Court Act.

Petitioner Louretha Walker and her infant daughter had

been accepted for public assistance by the commissioner in June, 1978. She had not lived with her mother for over two years, having moved out when her baby was six months old, because there was no room for them in her mother's home. In August, 1978 the commissioner brought a proceeding under article 4 of the Family Court Act before respondent Judge TROST, to require Louretha's mother to support her instead of the county doing so. In such proceeding, in theory brought on behalf of the recipient of public assistance (see Social Services Law, §§ 101-a, 111-b, 349-b; *Evans v Matthews,* 55 AD2d 1047), the recipient is not made a party. Louretha and her mother appeared, together with the commissioner's counsel, before Judge TROST. The court made no inquiry into the mother's financial ability or facilities for accepting the return of her daughter and granddaughter. Without ado, Louretha was informed that she must return home with her mother or "starve"—her public assistance would be discontinued. No mention was made of Louretha's child. Although the mother states that she had neither room nor resources for Louretha and the granddaughter, she agreed to accept their return in lieu of the alternative offered to them. The court then made an order directing the commissioner to terminate at once the public assistance grant to Louretha. This automatically also resulted in the discontinuance of assistance to Louretha's infant daughter.

Petitioner Ginnie Hoopengarner left her parents' home at age 16 and supported herself, but later returned. She is Caucasian and became pregnant by a black. Her father disowned her, and she moved out of the house in fear for her safety. In April, 1978 she was accepted by respondent Commissioner Buscaglia for public assistance. Three months later the commissioner instituted a proceeding against Ginnie's parents to require them to reimburse the county for the current public assistance being furnished to her or to accept her return to their home. The case came on before respondent Judge NoTARO. Ginnie, though not a party to the proceeding, appeared with her parents, together with the commissioner's attorney. No inquiry was made as to the parents' ability to support Ginnie and her daughter or whether they had facilities to accommodate them in her home; and Ginnie's mother states that (1) there is no room for Ginnie and her daughter in their home, (2) the parents cannot afford to support Ginnie and daughter, and (3) the parents have now separated, leaving

Ginnie's mother alone with serious physical and financial problems. The court ordered the commissioner to terminate public assistance to Ginnie at once, which resulted also in ending such aid to her baby.

Petitioner Ray Green is a male student recently released from military service. He lived in a small efficiency apartment with his father until they disagreed and his father ordered him out. In October, 1978 he was accepted by respondent commissioner for public assistance. Two months later the commissioner instituted a proceeding against the father to require him to reimburse the county for the current public assistance being furnished to the son or take the son back into the father's apartment. Petitioner Green, though not a party to the proceeding, appeared with his father, together with an attorney for the commissioner, before Judge KILLEEN. No inquiry was made into the father's financial circumstances or the practical relationship between father and son. The court granted the application and directed the commissioner to terminate public assistance to petitioner Green.

In reliance upon these court orders, respondent Buscaglia sent to each of the above three recipients of public assistance notice of intent to discontinue payment thereof. Each of them requested and received a "fair hearing" thereon as provided by the regulations (18 NYCRR 358.1 *et seq.*). At the time of the present proceeding a decision had only been rendered upon one of such hearings, and it was an affirmance of Commissioner Buscaglia's determination, specifying in part that it was made in reliance on the Family Court order.

Petitioners instituted this article 78 proceeding in the nature of an application for writ of prohibition, asking the Supreme Court (1) to enjoin the Erie County Family Court Judges from issuing orders authorizing respondent Commissioner Buscaglia to terminate public assistance grants to petitioners or to others similarly situated; (2) to grant class action relief, and (3) to grant additional declaratory and injunctive relief with respect to such orders.

Special Term (a) held that the record was not sufficient to permit it to determine whether it should entertain the application for writ of prohibition, but (b) directed that before issuing any further order affecting payment of public assistance, respondent Judges hold plenary hearings at which the recipients should be made parties and be represented by counsel of their own choosing or by Law Guardians (Family Ct

Act, § 249), (c) annulled the orders directing respondent Buscaglia to terminate public assistance benefits to petitioners and directed respondents Commissioners Buscaglia and Blum to restore such benefits pending the disposition of these cases in Family Court pursuant to Special Term's judgment and (d) in all other respects denied and dismissed the petition.

On this appeal petitioners contend that Family Court lacked subject matter jurisdiction to direct respondent Commissioner Buscaglia to terminate public assistance payments to them, and violated petitioners' due process rights by directing the commissioner to terminate public assistance to them despite the fact that petitioners were not parties to such proceedings. They also contend that this prohibition proceeding is proper and their only effective remedy and that they are entitled to all the relief requested in their petition, including class action relief and costs.

■■ There is no doubt that upon a showing that a court is acting without jurisdiction or in excess of its authorized powers in a proceeding in which it has jurisdiction, the extraordinary remedy of writ of prohibition may properly be invoked in the sound discretion of the court *(Matter of Dondi v Jones,* 40 NY2d 8, 13; *La Rocca v Lane,* 37 NY2d 575, 578-579; *Matter of State of New York v King,* 36 NY2d 59, 62). The gravity of the harm caused by the excess of power exercised and whether such exercise can be adequately corrected on appeal are considerations governing the court's discretionary use of the writ of prohibition *(Matter of Dondi v Jones, supra; La Rocca v Lane, supra; Matter of Roberts v County Ct. of Wyoming County,* 34 NY2d 246). Petitioners were not parties to the Family Court proceedings, and it is doubtful that they could have any appellate right with respect thereto (see CPLR 2221 and 5511); and we conclude that this prohibition proceeding is appropriate for reviewing the exercise of authority by Family Court in these cases.

■ Family Court is a court of limited jurisdiction, as provided by the New York State Constitution (art VI, § 13) and statutes (Family Ct Act, §§ 115, 411, 415, 422; and see *Matter of Fish v Horn,* 14 NY2d 905; *Matter of Hackett v Haynes,* 70 AD2d 1051; *Matter of Mouscardy v Mouscardy,* 63 AD2d 973, 975). Clearly that court has jurisdiction to entertain proceedings to require legally responsible parents of minor public assistance recipients to reimburse the public for the assistance furnished, provided the parents are "of sufficient ability"

(Family Ct Act, § 415). In exercising that jurisdiction, the court, of course, should conduct a hearing to determine whether the parents are "of sufficient ability", and failure to grant such hearing may be reviewed on appeal *(Matter of Hacket v Haynes, supra).* Respondent Judges went further, however, and on the petitions of respondent Commissioner Buscaglia they ordered that he terminate public assistance grants to petitioners.

The statutes and the regulations thereunder place sole authority and responsibility for determining eligibility for public assistance, both original and continuing, upon the Department of Social Services (Social Services Law, §§ 131-132, 134, 138-139; 157-158; 18 NYCRR 351.8, 351.20). It was the responsibility of respondent Commissioner Buscaglia and his department, not that of Family Court, when possessed of information that public assistance is no longer needed by a recipient, to give appropriate notice to the recipient of intention to terminate payments, give notice of right to a hearing, grant a fair hearing when requested, and make the final determination to terminate benefits (Social Services Law, § 34; 18 NYCRR 358.3-358.18; see *Goldberg v Kelly,* 397 US 254; *Tucker v Toia,* 43 NY2d ·1; *Matter of Brown v Lavine,* 37 NY2d 317, 320-321). Respondent commissioner had no right to hide behind Family Court and ask it to do his duty; and the court had no authority to do it.

■ Upon the record herein we find no basis for granting class action relief. In the interest of avoiding further litigation, however, with respect to the issues involved herein, we observe that if there are other orders similar to the three orders above considered, Family Court, *sua sponte,* should vacate them, and respondent commissioners should not act upon them and should reinstate, retroactive to the date of the termination, public assistance benefits, if any, terminated on the basis thereof. Failure of Family Court or of respondent commissioners to act in the spirit of this decision will justify the grant of class action relief by the court upon proper application (see *Felder v Foster,* 71 AD2d 71; *Beekman v City of New York,* 65 AD2d 317; *Matter of Eisenstark v Anker,* 64 AD2d 924; *Doe v Greco,* 62 AD2d 498; *Matter of Knapp v Michaux,* 55 AD2d 1025).

For reasons above stated, petitioners should have judgment declaring that the above three orders by Family Court are null and void and enjoining respondent Judges from enforcing

them and enjoining respondents Buscaglia and Blum from relying on them as authority for terminating public assistance to petitioners. The judgment appealed from should be modified accordingly, with costs to petitioners and, as so modified, it should be affirmed.

DILLON, P. J., HANCOCK, JR., SCHNEPP and DOERR, JJ., concur.

Judgment unanimously modified and, as modified, affirmed, with costs to petitioners, in accordance with opinion by WITMER, J.