◼ In the Matter of KIMBERLY MARTELLO, an Infant. GEORGE F. PURDUE, Appellant; HARRIET KANAREK, Respondent.—Appeals (1) from a decree of the Surrogate's Court of Delaware County, entered May 15, 1979, which appointed respondent as guardian of the person and property of Harold Edward Kanarek, and (2) from an order of the same court, entered July 26, 1979, which denied appellant's motion for a new hearing. In our view, the award of custody of Harold to Harriet Kanarek was in the child's best interests and should not be disturbed. The court followed the professional recommendation of a caseworker, and after examining the record, we cannot conclude that the court abused its broad discretion in not following the recommendation of Dr. Kalina. Likewise, we are of the view that the court acted properly in concluding that, under the facts of this case, religious beliefs were not a significant factor in determining custody. The court did not abuse its discretion in denying appellant's motion for a rehearing. Finally, while the Trial Judge may have been guilty of an impropriety in not disqualifying himself, we do not feel that it is of sufficient consequence to warrant reversal and a new trial. Decree and order affirmed, without costs. Greenblott, J. P., Kane, Casey and Staley, Jr., JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Canon 3 (subd C, par [1]) of the Code of Judicial Conduct provides that: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned". (Accord 22 NYCRR 33.3 [c] [1].) The code has as a primary purpose the preservation of the dignity of the judiciary. We recently had occasion to observe in *Murray v Murray* (73 AD2d 1015, app dsmd 50 NY2d 1059) where a question of impropriety emerged: "We deem it to the benefit of the judiciary that where an appearance of improper judicial interest emerges, the integrity of the judiciary requires that a Judge disqualify herself." In the instant matter, George Purdue contends that there should be a rehearing before another Judge because of the representation by Mrs. Kanarek's attorneys of the Surrogate in a foreclosure action. The foreclosure proceedings began February 16, 1977. A formal judgment of foreclosure and sale was entered April 16, 1979. The trial of the guardianship proceeding took place on April 4, 1979 and the court's decision was rendered on May 3, 1979. The custody proceeding entails an extremely sensitive matter, involving not only the custody of Harold but his future emotional well-being and that of his half sister, Kimberly. No matter how fair the judgment might be considered in the eyes of noninvolved onlookers, the integrity of the court is bound to suffer because of the emotionalism such matters generate and petitioner's lingering doubts as to the Surrogate's impartiality. I deem it appropriate that the court disqualify itself in such a case *(Corradino v Corradino,* 48 NY2d 894). The decree should be reversed, and the matter remitted for a new hearing.