■ MICHAEL D. SALAMONE, Appellant, v CHRIS-T L. SALAMONE, Respondent. (Appeal No. 1.) — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: The parties to this action were married in 1967 and have two daughters, ages 10 and 8. In 1977, the parents separated and in 1978, they received mutual divorces based on the other's

cruel and inhuman treatment. By the provisions of the divorce decree, the court awarded joint custody of the children with physical custody in the father and liberal visitation rights to the mother. It also determined the rights of the parties to their joint property, granted certain incidental relief and ordered the husband to pay the wife's counsel fees. The decree also provided that the court would retain jurisdiction of the matter and review its decision on joint custody within one year. During that period, it ordered "that the auxiliary services of Dr. Jeanette Minkoff's Family Counseling Unit of the Monroe County Probation Department shall have continuing jurisdiction herein as to custody and visitation and this Court specifically refer to said unit jurisdiction herein." A year later the court held a further hearing and generally reaffirmed the provisions of its prior order, including its specific reference of jurisdiction to the family counseling unit. The father appeals both orders, contesting the determination of joint custody, the alleged excessive visitation rights to the mother, the reference of jurisdiction to Dr. Minkoff and the property disposition and counsel fees. The determination of joint custody is reversed. While both parents are fit to have custody and both have a good and loving relationship with the children, their relationship towards each other is such that neither of them, particularly the father, is able to reconcile their differences over the simplest problems concerning the children. Under the circumstances, they are not equipped to maturely plan the important decisions in the lives of their young daughters together, and that being so, the award of joint custody was inappropriate (see *Braiman v Braiman,* 44 NY2d 584; *Bergson v Bergson,* 68 AD2d 931; *Dodd v Dodd,* 93 Misc 2d 641). In making its determination of joint custody, Trial Term apparently was strongly influenced by the fact that Dr. Minkoff, a psychologist from the family counseling unit, had been providing valuable counseling to the girls and their parents since the inception of the divorce proceedings. She had also served as a conduit for the complaints of the parents who had an almost total lack of communication with each other. This commendable service by Dr. Minkoff does not eliminate the necessity for cooperation between the parents in a joint custody arrangement, however, nor does her contribution to the emotional well-being of the members of this family justify a transfer to her of jurisdiction over the girls' custody and the parents' visitation, if indeed that was what the court intended by its orders. Custody and visitation are matters to be decided only by the court, with the assistance of experts as needed. Although there is an extensive record in this case, Dr. Minkoff submitted three reports to the court to aid it in its determination of custody and those reports apparently cannot be located or reproduced at this time. We are unable to make a ruling on custody without them and remit the matter to Trial Term for a prompt decision on permanent custody to be made upon this record and such other and further evidence as the court shall require. We have considered appellant's other points and find them to be without merit. (Appeal from order of Monroe Supreme Court, Siracuse, J. — divorce, custody and visitation.) Present — Dillon, P.J., Simons, Hancock, Jr., Doerr and Moule, JJ.