■ JAMES L. SEAGO, Appellant, v JILL P. ARNOLD, Also Known as JILL P. SEAGO, Respondent. — Order unanimously modified, and, as modified, affirmed, without costs, and matter remitted to Yates County Family Court for further proceedings, in accordance with the following memorandum: The parties herein separated in 1976 pursuant to an agreement whereby custody of the children would be "joint", petitioner father residing in the marital home with the children Monday through Friday and the mother taking his place from Friday morning until Monday morning. In 1977 they became divorced and stipulated that, while custody of the children would be "joint" and "mutual", the children would reside with the mother who, at her choice, could remove herself and the children from New York State without interference from the father. Generous visitation privileges were provided for the father in the divorce decree including custody for several continuous weeks during summer vacation. The hoped-for salutary effects of "joint" custody apparently did not materialize and in the ensuing years petitioner brought two actions to modify the divorce decree by granting custody of the children to him. One action was decided adversely to him on the merits and not appealed, and the other was withdrawn. In this third action petitioner again sought modification of the divorce decree and physical custody of the children, and respondent mother cross-moved for sole custody of the children. After a lengthy hearing at which the parties, friends of the parties, psychologists (including a court-appointed psychologist), and a family counselor testified, Family Court

awarded sole and absolute custody of the children to respondent mother. The court's order also addressed other matters to which we will make comment herein. We find no abuse of discretion nor error in law in the award of sole custody of the children to the mother. Joint custody conceptually permits parents to share the decision-making responsibility on equal terms in matters which affect the day-by-day, year-by-year care, growth and nurturing of their children (see, generally, *Dodd v Dodd,* 93 Misc 2d 641). It is the sort of relationship parents have with each other and their children in familial situations not interrupted by separation and divorce. When disruption of the marital state occurs, the state of repose represented by joint custody is generally a voluntary alternative "for relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman,* 44 NY2d 584, 589-590). The parties herein voluntarily agreed to such an arrangement, but based upon this record it is clear that a style of shared responsibility cannot survive. That both parties are fit and love their children is not questioned, but the obvious hostility between them, demonstrated in part by regular litigation instituted by petitioner, makes the arrangement inappropriate (*Salamone v Salamone,* 83 AD2d 778, 779). Any decision which involves child custody must have as its basis a concern for the best interest of the children. Where, as here, the parties have agreed as to which parent is to have physical custody of the children, this agreement, while not dispositive, is a "weighty factor" to be considered by the court (*Eschbach v Eschbach,* 56 NY2d 167, 171), since "stability in a child's life is in the child's best interests" (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 94). The children having lived with their mother continuously since 1977, the court was correct in its determination that custody should lie with the mother, especially since this determination is consistent with the recommendations of the court-appointed psychologist and the children's Law Guardian. The order of the court that visitation to be accorded to petitioner should be limited to every third weekend is not supported by the record. While we agree that, under the circumstances, weekday visitation by the father would be disruptive of the children's lives, he is entitled to alternate weekend visits commencing at 7:00 P.M. on Friday and ending at 7:00 P.M. on Sunday, and the order of Family Court is accordingly modified. We agree with the court's finding that as of September 1, 1981 petitioner owed $1,840 in unpaid child support obligations. The record is unclear, however, and Family Court did not make findings concerning garnishments and wage deductions made during the summer of 1981; thus, we are unable to determine the amount of money that petitioner owes on arrearages. The matter is, therefore, remitted to Family Court, Yates County, for a hearing and determination of whether or how much petitioner should be credited on arrearages by virtue of garnishments and/or wage deductions heretofore levied (*Colabella v Colabella,* 86 AD2d 643). Family Court awarded respondent counsel fees in the amount of $4,740. While an award of fees in this case was proper, we find that the amount assessed against petitioner was excessive. We observe that the fee itself was proper in amount and we recognize that the burden of seeking proper legal representation by respondent was caused by petitioner's litigiousness. Considering the relative financial position of the parties, we reduce the fee assessed against petitioner to $2,500. We find no merit to the remaining issues raised by petitioner on this appeal. (Appeal from order of Yates County Family Court, Corbett, J. — modify divorce decree.) Present — Callahan, J. P., Doerr, Denman, Boomer and Schnepp, JJ.