■ In the Matter of JOHN VAN DYCK, Appellant, v SHIRLEY VAN DYCK, Respondent. — Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered October 12, 1982, which, *inter alia,* awarded sole custody of the parties' minor child to respondent, subject to petitioner's visitation rights. This case comes before us for a second time (96 AD2d 629). Previously, we withheld decision and remitted to the Family Court of Saratoga County for formulation of findings of fact essential to its decision, as required by CPLR 4213 (subd [b]). By findings of fact dated September 29, 1983, Family Court has detailed the facts underlying its decision which, *inter alia,* awarded sole custody of the parties' minor child to respondent. Without question, the paramount consideration in child custody cases is the best interest of the child (see *Friederwitzer v Friederwitzer,* 55 NY2d 89). In our view, the trial court's conclusion that custody to respondent would serve the best interest of the child has a sound and substantial basis in the record (see *Matter of Payette v Payette,* 91 AD2d 733). Petitioner's assertions that the child was being physically and psychologically abused under respondent's care was duly considered and rejected by the court. There is independent testimony that the child is in good health and is a normal, active child. That the trial court assessed respondent as a "concerned and loving" mother is certainly within its province. Although it is evident that respondent has improperly interfered with petitioner's visitation rights, petitioner is not without fault in allowing the child to be interjected in his disputes with respondent. Indeed, the true problem in this case revolves around the discord between the parents. In an instance such as this, where the relations between the parents are blatantly acrimonious, and the record redounds in self-supporting, conflicting testimony, considerable weight should be accorded the trial court's determination (*Eschbach v Eschbach,* 56 NY2d 167, 173-174). A review of the trial court's factual findings confirms a careful consideration of the testimony presented and a correct concern for the child's best interest. Viewing the totality of the circumstances, we find the order to be within the range of discretion afforded the trial court (*id.,* at p 173; *Matter of Carpenter v Carpenter,* 96 AD2d 607). Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.

■ JACK L. OWENS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64720.) — Appeal from a judgment in favor of claimant, entered September 15, 1982, upon a decision of the Court of Claims (Murray, J.). The underlying facts may be found in our earlier decision (96 AD2d 630). Previously, we withheld our decision and remitted to the Court of Claims for clarification of whether any portion of the $75,000 award represented recovery for basic economic loss. By decision filed September 1, 1983, the Court of Claims has clarified that the entire award was intended to compensate claimant solely for his noneconomic loss. Inasmuch as the record supports this conclusion, the judgment should be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.