In the Matter of LOUISE E. SOOY, Respondent, v W. STE-PHEN SOOY, Appellant.

Third Department, May 17, 1984.

APPEARANCES OF COUNSEL

*Andrew F. Capoccia, P. C.*, for appellant.
*John J. Crimmins* for respondent.

**OPINION OF THE COURT**

MAIN, J.

Joint custody of the parties' then five-year-old son Jeffrey was awarded, pursuant to stipulation, by order of

Supreme Court dated October 6, 1981. Petitioner's home was to be Jeffrey's principal residence. The order further provided that respondent was to pay petitioner child support of $75 per week. By petition dated September 1, 1982, petitioner sought sole custody of Jeffrey on the grounds that the custodial arrangement was detrimental to the health and well-being of Jeffrey. Respondent cross-petitioned for a hearing *de novo* to determine the custody of Jeffrey.

After a lengthy, often bitter hearing, Family Court awarded sole custody to petitioner and directed the parties to submit proposed schedules for visitation by respondent, which was done. An affidavit in support of an award for counsel fees was also submitted by petitioner. Family Court thereafter granted a visitation schedule and further awarded an additional $40 for child support to be paid by respondent prior to each visitation period. Counsel fees of $5,900 were also ordered to be paid by respondent to petitioner's attorney. Respondent appeals.

■ Initially, we conclude that although the preferred practice in a custody case is to have any *in camera* interview with the child be on the record (see, e.g., *Hasan Abu Romi v Hazieem Hamdan,* 70 AD2d 934; *Matter of Fleishman v Walters,* 40 AD2d 622, 623), Family Court's failure to place its *in camera* interview of Jeffrey, conducted out of the presence of the parties or their counsel, on the record does not require a rehearing. The child's preference is but one factor to be considered in awarding custody and should not be dispositive (see, e.g., *Eschbach v Eschbach,* 56 NY2d 167, 172-173; *Matter of Ebert v Ebert,* 38 NY2d 700; *Dintruff v McGreevy,* 34 NY2d 887). In this case, Jeffrey's preference was apparently but one factor considered by Family Court and there is substantial reviewable evidence concerning several other factors which must be considered in awarding custody. Thus, informed review and consideration of Family Court's determination can be made and the error in not placing the *in camera* interview of Jeffrey on the record does not require a rehearing.

■ Joint custody is appropriate only in those cases involving "relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman,* 44 NY2d

584, 589-590). Even a cursory reading of the record reveals that the parties are severely antagonistic toward each other and that joint custody is simply inappropriate (see *supra;* see, also, *Matter of Broome County Dept. of Social Servs. v Dennis,* 97 AD2d 908; *Seago v Arnold,* 91 AD2d 835, 836, mot for lv to app dsmd 59 NY2d 761). Thus, Family Court was correct in considering to whom sole custody was to be awarded. In making this determination, the sole criterion is the best interest of the child and a myriad of factors, such as psychological, economic, social and familial, must be considered (see *Matter of Van Dyck v Van Dyck,* 97 AD2d 909; see, also, *Eschbach v Eschbach,* 56 NY2d 167, *supra*). Although we recently held in similar circumstances that "where the relations between the parents are blatantly acrimonious, and the record redounds in self-supporting, conflicting testimony, considerable weight should be accorded the trial court's determination" (*Matter of Van Dyck v Van Dyck, supra*), our review of the record and Family Court's findings of fact lead us to conclude that Family Court erred in awarding sole custody to petitioner.

Family Court found that respondent has ample resources to enrich Jeffrey's life and lives in a community which provides activities for children and other cultural advantages, and that Jeffrey's development might be accelerated with respondent. Nonetheless, petitioner was awarded custody because, for example, there was no reason to believe that Jeffrey will not develop in a normal manner in petitioner's custody; the psychiatrist recommended that the child stay with petitioner; convulsions once suffered by Jeffrey might be increased by a change in residence; and petitioner, who raises goats on a 10-acre homestead in East Chatham, Columbia County, could spend the whole day with Jeffrey whereas respondent, an employee of Atlantic Richfield now living in a suburb of Pittsburgh, Pennsylvania, would be at work all day.

The testimony revealed that petitioner takes Jeffrey to the movies or museums on rare occasions, if at all. It was also deduced that Jeffrey, who was one of seven students in the first grade at the private school which he attends, had been absent 20 of 91 days that attendance was taken, although his teacher could confirm that only five or six of

those absences were due to illness. Furthermore, Jeffrey's teacher confirmed that he had a behavioral problem in that he was rather poorly behaved in his relationships with his classmates. The extent of Jeffrey's circle of friends, though unclear, appeared somewhat limited, but was clearly significantly smaller than it would be if Jeffrey was in respondent's custody. The condition of petitioner's house was a major issue at the custody hearing, with respondent attempting to portray the home as unsanitary, unkempt and dangerous. Petitioner attempted to refute these allegations and it is likely that the condition of petitioner's homestead is neither as bad as respondent alleged nor as good as petitioner claimed. What is beyond doubt, however, is that the area in which respondent resides would provide Jeffrey with the cultural opportunities, educational direction and social intercourse which he has apparently been missing but needs to overcome his behavioral problems and absenteeism at school. Because these advantages of awarding custody to respondent were evident, it was unnecessary for Family Court to attempt to resolve the conflicting testimony concerning petitioner's residence and life-style.

The psychiatrist's testimony that Jeffrey is apprehensive about visiting his father because traveling unaccompanied to Pittsburgh by plane is unduly traumatic is belied by the clear evidence that respondent travels with Jeffrey to and from Pittsburg. Thus, the psychiatrist's testimony concerning the inadvisability of a change in residence is, at best, suspect. Furthermore, any temporary disruption in Jeffrey's life due to a change in residence is but one factor to be considered and is less important than Jeffrey's long-term development, which will be enhanced by respondent's custody. The record reveals that the possibility of further convulsions being precipitated by a change in residence is speculative.

Family Court's finding that petitioner's work enables her to spend the whole day with Jeffrey, whereas respondent must work away from home during the day, is inaccurate because Jeffrey should be in school most days. Respondent has demonstrated a well-planned schedule for providing supervision for Jeffrey during those periods when Jeffrey will be out of school during working hours. We note

that petitioner did not deny that she often milked goats late at night, leaving Jeffrey alone in the house. Thus, Family Court's reliance on this finding is inappropriate. In sum, our consideration of these and other findings, and of the various factors utilized in awarding custody, leads us to conclude that Jeffrey's problems and needs would best be served by respondent being awarded custody. This disposition renders academic so much of respondent's appeal from the order entered March 31, 1983 as established a visitation schedule and awarded additional child support. Family Court, upon proper application, should consider suitable visitation for petitioner.

█ Finally, we conclude that Family Court did not abuse its discretion in awarding petitioner counsel fees, especially in light of respondent's counsel's assent to petitioner's oral application for such fees serving as sufficient notice and failure to submit an affidavit in opposition after receiving petitioner's counsel's affidavit in support of such motion.

The order entered March 9, 1983 should be reversed, on the law and the facts, without costs, the petition dismissed and the cross petition granted by awarding sole and exclusive custody of Jeffrey W. Sooy to respondent.

The order entered March 31, 1983 should be modified, on the law, without costs, by deleting so much thereof as provided for visitation by respondent and for additional child support payable by respondent, and, as so modified, affirmed.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order entered March 9, 1983 reversed, on the law and the facts, without costs, petition dismissed and cross petition granted by awarding sole and exclusive custody of Jeffrey W. Sooy to respondent.

Order entered March 31, 1983 modified, on the law, without costs, by deleting so much thereof as provided for visitation by respondent and for additional child support payable by respondent, and, as so modified, affirmed.