■ In the Matter of SHARON E. BISHOP, Appellant, v ALBERT F. LANSLEY, JR., Respondent. — Appeal from an order of the Family Court of Rensselaer County (Reeves, J.), entered April 6, 1984, which, *inter alia,* awarded the parties joint custody of their children.

The parties were divorced in 1981 and the issues regarding custody of and support for their two minor daughters were referred to Family Court. Rather than pursue the matter in Family Court, however, the parties maintained an informal arrangement whereby the children alternated their residence on a monthly basis, living one month with petitioner and the next month with respondent. This arrangement broke down sometime around July, 1982, and the children have resided with petitioner since August, 1982 with respondent exercising visitation rights.

In September, 1982, petitioner commenced a proceeding in Family Court to obtain sole custody of the children. After a hearing, Family Court awarded the parties joint custody with alternate months of physical possession after respondent moved into the children's school district, and provisions for physical possession and visitation were made in the event that respondent was unable to so locate. Family Court further ordered respondent to pay $15 per week per child as child support until he relocated and the plan for alternate physical possession became effective. Petitioner appeals, seeking sole custody and increased child support.

It is evident from the record that, for various reasons, the parties are unable to communicate and make rational, joint decisions on matters relating to the care and welfare of the children. Accordingly, we are of the view that Family Court erred in awarding joint custody (see, e.g., *Braiman v Braiman,* 44 NY2d 584, 589-590; *Matter of Sooy v Sooy,* 101 AD2d 287, 288-289). It is necessary, then, to make an award of sole custody, and such must be done while remaining mindful that it is the best interest of the children which is of paramount concern (see, e.g., *Matter of Sooy v Sooy, supra,* p 289). A review of the record reveals that both parties are loving and concerned parents who are each qualified to have custody of the children. After careful reflection, we are of the view that the children's best interest would be served by awarding sole custody to petitioner and extensive visitation to respondent.

The children have resided for an extensive period of time with petitioner and, inasmuch as there is no indication that a change would significantly enhance the children's well-being, the stability which would result from continuing the present arrangement is an important consideration (see *Pawelski v Buchholtz,* 91 AD2d 1200, 1201). Furthermore, petitioner's testimony about her future presents a more definite plan than respondent's testimony about his future plans. Moreover, the Law Guardian

and the Unified Services for Children and Adolescents recommend that petitioner be awarded sole custody.[*] Accordingly, the award of joint custody is reversed and petitioner is awarded sole custody of the children.

Petitioner does not seem to object to respondent being awarded extensive visitation. Thus, in accordance with the Law Guardian's recommendation and the evidence presented at the hearing, respondent is awarded visitation on the first three weekends of each month, during the entire month of July, and on alternate major holidays.

Finally, we find no abuse of discretion by Family Court in awarding child support to petitioner in the amount of $15 per child per week. Petitioner's weekly gross salary is more than respondent's, and petitioner's rent is paid to the man whom she plans to marry and with whom she and the children reside. Under these circumstances, no upward modification of child support is warranted.

Order reversed, on the law, without costs, and petition granted; petitioner awarded sole custody of the parties' children; respondent granted visitation on the first three weekends of each month, during the entire month of July, and on alternate major holidays; and petitioner awarded child support in the amount of $15 per child per week. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.

---

[*] We note that the Rensselaer County Probation Department's recommendation for joint custody included "doubts as to the efficiency of the plan".