OPINION OF THE COURT
Robert E. Fischer, J.
In this CPLR article 78 proceeding, petitioner seeks execution of a show cause order containing a temporary restraint of a Broome County Family Court Judge from holding a hearing *32 on January 7, 1988, relating to an award of counsel fees on a custody petition originating in the Family Court, pending determination by this court of the power of the Family Court to award such fees. In view of our concern whether the prohibition powers of this court — as opposed to review by the Appellate Division — extend to Family Court proceedings, all counsel were requested to appear preliminarily to present their views as to whether we should execute the show cause order with its temporary stay.[1]
In view of the paucity of decisions addressing both the propriety of utilizing a writ of prohibition in relation to the conduct of proceedings in Family Court, as well as the Family Court’s authority to award fees on custody petitions originating in that court, we have elected to address the specifics of those determinations as a predicate to the conclusions we reach.
As to prohibition: In Matter of Walker v Buscaglia (71 AD2d 315) an article 78 proceeding in the nature of prohibition was commenced in the Supreme Court, Erie County, addressing the jurisdiction of the Family Court to issue orders to the County Department of Social Services terminating certain public assistance benefits. Supreme Court determined that while the record before it was insufficient for prohibition purposes, it directed Family Court to hold plenary hearings with the public assistance recipients as parties, annulled the orders issued by Family Court, directed restoration of benefits "pending the disposition of these cases in Family Court pursuant to Special Term’s judgment”, and otherwise denied and dismissed the petition. (Supra, at 319.) Supreme Court’s determination was appealed to the Fourth Department which held, inter alia: "There is no doubt that upon a showing that a court is acting without jurisdiction or in excess of its authorized powers in a proceeding in which it has jurisdiction, the extraordinary remedy of writ of prohibition may properly be invoked in the sound discretion of the court (Matter of Dondi v Jones, 40 NY2d 8, 13; La Rocca v Lane, 37 NY2d 575, 578-579; Matter of State of New York v King, 36 NY2d 59, 62). The gravity of the harm caused by the excess of power exercised *33 and whether such exercise can be adequately corrected on appeal are considerations governing the court’s discretionary use of the writ of prohibition (Matter of Dondi v Jones, supra; La Rocca v Lane, supra; Matter of Roberts v County Ct. of Wyoming County, 34 NY2d 246). Petitioners were not parties to the Family Court proceedings, and it is doubtful that they could have any appellate right with respect thereto (see CPLR 2221 and 5511); and we conclude that this prohibition proceeding is appropriate for reviewing the exercise of authority by Family Court in these cases.” (Matter of Walker v Buscaglia, 71 AD2d 315, 319.)
The appellate court then proceeded to modify Special Term’s orders by enjoining Family Court from enforcing its termination orders, enjoining Social Services from relying upon such Family Court orders, and thereupon affirmed the Special Term judgment as modified.
For our purposes, we read Matter of Walker v Buscaglia (supra) as authority for the proposition that discretion to issue a writ of prohibition to Family Court lies in the Supreme Court in the first instance should Family Court act in excess of its jurisdiction, with appellate review of that exercise of discretion then available to the parties (cf., Matter of B. T. Prods, v Barr, 44 NY2d 226, 234).
As to counsel fees: By decision and order dated December 7, 1987, respondent Ray determined that Family Court, on a custody petition initiated in that court, had authority to consider an application for counsel fees and set the issue down for hearing. In that court, as here, petitioner contended that absent a custody referral from Supreme Court, Family Court lacked jurisdiction to entertain that fee application.
This issue was considered as a case of first impression by the Family Court in Rockland County which determined that the jurisdictional powers afforded Family Court in Family Court Act § 651 (b) must be read in conjunction with the attorney fee authority of Domestic Relations Law § 237. Thus the court held that the legislative grant to Family Court of "the same powers possessed by the supreme court” (Family Ct Act § 651 [b]) of necessity included the latter’s power (Domestic Relations Law § 237) to award fees in such cases (Matter of Dagaev v Dagaev, 90 Misc 2d 962).
In Sooy v Sooy (101 AD2d 287, affd sub nom. Matter of Louise E. S. v W. Stephen S., 64 NY2d 946) the Third Department determined that the Family Court did not abuse its *34 discretion in awarding petitioner counsel fees in a custodial dispute (supra, 101 AD2d, at 291). Although that opinion does not recite the precise procedural history of the case, review of the record on appeal discloses that the Supreme Court judgment of divorce did not refer the custody issue to the Family Court (see, Domestic Relations Law § 251; Family Ct Act § 651 [a]), but rather, awarded joint custody and ordered "that either party upon application to an appropriate court, shall be entitled to a determination as to the sole custody of the child”. Thereafter an original petition was filed in Family Court for determination of custody and attorney’s fees were awarded in the course of that proceeding.
We read Sooy (supra) as supporting, sub silentio, the power of Family Court to award counsel fees in custody proceedings initiated in that court (Family Ct Act §651 [b]). For our purposes we deem it immaterial that the Sooy appellate courts did not directly address the jurisdictional issue since our "sound discretion” (Walker v Buscaglia, supra, at 319) may be invoked for the "extraordinary remedy * * * of prohibition * * * only where there is a clear legal right” (Matter of State of New York v King, 36 NY2d 59, 62). Review of the Sooy determination, as well as the cogent Dagaev analysis, leads us to conclude that there is lacking the "clear legal right” (Matter of New York v King, supra, at 62) to a prohibition writ and a stay would, therefore, be inappropriate. Further, "even if there has been an excess of jurisdiction or power, the extraordinary remedy will not lie if there is available an adequate remedy at law, of which appeal is but one” (supra, at 62).[2]
On consideration of both the procedural and substantive aspects of this application, we determine that while we may exercise prohibition authority over the Family Court proceedings in an appropriate factual setting, prohibition does not lie in the present case. Therefore, we decline to execute the show cause order with the temporary stay[3] and dismiss the petition.

. The Attorney-General has filed an answer to the petition asserting, inter alia, lack of service on Family Court Judge Ray. Since the purpose for our hearing was to determine whether the order should be executed, there had been no petition service except courtesy service on counsel. The answer is, therefore, premature and apparently resulted from a misunderstanding of the procedure we employed.

. "Respondent [Family Court Judge] Ray argues that his order directing that a hearing be held is an interlocutory order which may not be appealed, therefore, an order after hearing directing that attorney’s fees be paid would constitute a final order, subject to appeal” (answer to petition, [[ 13).

. Since the hearing was scheduled for January 7 in Family Court, all counsel were telephonically advised at 1:30 p.m. on January 6 — following receipt of the Attorney-General’s submission — of our declination to sign the show cause order and that our decision would be thereafter filed.