■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH RIEMAN, Appellant.—Yesawich, Jr., J. Appeal, by permission, from an order of the County Court of Delaware County (Estes, J.), entered January 12, 1987, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of murder in the second degree, attempted burglary in the second degree, burglary in the third degree and grand larceny in the third degree (two counts), after a hearing.

After committing acts for which defendant now stands convicted, he, three companions and Linda Parker traveled to Vermont. A petition had previously been filed in Delaware County Family Court alleging that Parker was a person in need of supervision (hereinafter PINS). An official of the Family Court ascertained as a result of the criminal investigation of defendant and his companions that Parker was being held by juvenile authorities in Vermont and asked the then-County Judge, who also served as Family Court Judge, to transport Parker back to Delaware County in his personal airplane. The Judge did so, accompanied by the official and the latter's wife. The record discloses that the only conversa-

tion had between the Judge and Parker was an informal introduction. Parker subsequently testified before a Grand Jury which handed up defendant's indictment and the Judge later reviewed the Grand Jury testimony in deciding a motion by defendant to dismiss the indictment. Subsequently, the Judge also presided over Parker's PINS proceeding and found her to be a juvenile delinquent for perjury in connection with her Grand Jury testimony. Thereafter, defendant was tried by the Judge, without a jury. Parker did not testify, and defendant was convicted of the aforementioned crimes and sentenced accordingly.

In a motion to vacate the judgment, defendant alleged that he only recently learned the Judge had transported Parker from Vermont and argued that he was denied due process and a fair trial by reason of the Judge's transportation of a Grand Jury witness—which defendant characterizes as investigative conduct—and further that he was deprived of effective counsel in that his attorney did not move for the Judge's recusal despite knowing of the latter's role in fetching Parker from Vermont. County Court denied defendant's motion and we granted permission to appeal; we now affirm.

While the Trial Judge's decision to participate in bringing Parker back to Delaware County was ill advised, in light of her involvement in an ongoing criminal investigation, we are of the view that defendant was not prejudiced thereby, nor in any way deprived of due process or a fair trial. Unlike *People v Corelli* (41 AD2d 939) and *People v Vetrano* (42 AD2d 987), upon which defendant relies, the Judge drew no conclusion as to defendant's guilt; indeed, the evidence is that he engaged in no conversation of consequence with Parker, who was not even a witness in defendant's case. Further, and not without significance, is the fact that defendant does not assert he was ignorant of the Judge's role in presiding at two of his codefendants' trials, one of which was a bench trial *(cf., supra)*, wherein the Judge undeniably learned more of defendant's criminal enterprise than he was exposed to during the plane ride with Parker.

Nor was the Trial Judge obliged to recuse himself *(see,* Judiciary Law § 14; *People v Moreno,* 70 NY2d 403, 405). Although ethical standards require avoidance of even the appearance of impropriety *(see,* Code of Judicial Conduct Canons 2 [A]; 3 [C] [1] [a]; 22 NYCRR 100.2 [a]; 100.3 [c] [1] [i]; *see also, Corradino v Corradino,* 48 NY2d 894, 895), an ethical violation, if indeed there was one, does not necessarily war-

rant reversal and a new trial *(Matter of Martello,* 77 AD2d 722) and certainly does not in this case.

Finally, as County Court observed in its decision underlying this appeal, defendant received "excellent and effective" assistance of counsel. Counsel's decision not to move for the Trial Judge's disqualification, made in concert with the attorneys for defendant's accomplices, was a strategically creditable decision, particularly given the attorneys' estimation that the Trial Judge was "much more defense oriented" than other area Judges who would have been assigned to replace him, and is not to be second-guessed on review *(see, People v Satterfield,* 66 NY2d 796, 798-800). Insofar as defendant maintains that his counsel did not consult him regarding that decision, that circumstance, in the context of this case, if it did indeed occur, does not amount to an abridgement of defendant's constitutional rights, making reversal inappropriate.

Order affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.