■ DEBORAH M. O'CONNOR, Respondent-Appellant, v JAMES A. O'CONNOR, Appellant-Respondent.—Kane, J. Cross appeals from an order of the Family Court of Albany County (Cheeseman, J.), entered December 3, 1987, which, upon referral of the matter from Supreme Court, directed, *inter alia,* that plaintiff be awarded primary physical custody of the parties' children.

The parties were married on July 28, 1973 and have two sons, Casey born April 16, 1976 and James born March 1, 1979. In December 1986, plaintiff commenced an action for divorce against defendant in Supreme Court. The parties have both continued to live, along with the two children, in the marital home during the pendency of this matter. After

defendant answered, both parties moved for custody of the children as well as exclusive use and possession of the marital residence. Supreme Court referred these issues to Family Court. Following a hearing, Family Court awarded primary physical custody of the children to plaintiff, with substantial visitation accorded to defendant. Plaintiff also received possession of the parties' home. Joint legal custody, however, was awarded to both parties. Defendant was also ordered to pay temporary child support. Both parties have appealed.

We turn first to defendant's appeal and his contention that Family Court erred in awarding physical custody of the children to plaintiff. We note initially that, as always in matters of custody, the paramount concern is the best interests of the children *(Bliss v Ach,* 56 NY2d 995, 998). The court noted that some of the factors to be considered in making this determination included the children's ages, their wishes, the economic status of the parents, the relative fitness of the parents, the effect that an award of custody to one parent might have on the children's relationship with the other parent, and educational considerations *(see, supra,* at 998; *Eschbach v Eschbach,* 56 NY2d 167, 172). Contrary to defendant's claim, a review of the court's decision indicates that it gave careful consideration to these factors. In deciding to award custody to plaintiff, the court also significantly relied on its finding that prior to the marital discord the children had a close relationship with both parents but that, thereafter, defendant "embarked on [a] course of conduct which in effect alienated the affection and love which the children had naturally developed for [plaintiff]". In our view this was entirely proper. The record supports the finding that defendant was primarily responsible for attempting to alienate the children's affection for plaintiff *(see, Walden v Walden,* 112 AD2d 1035, 1036-1037). Furthermore, the question of which parent is better able to assure meaningful contact of the children with the other parent is considered a significant factor in custody determinations *(see, Bliss v Ach, supra,* at 998). Here, defendant's actions clearly showed that he would be less effective at this than plaintiff. Therefore, the court's decision clearly comported with the best interests of the children.

Defendant also points to the testimony of a psychologist who recommended that defendant be awarded custody. However, the recommendation was based on interviews wherein only the current situation was analyzed; all of the relevant considerations were therefore not taken into account *(see, Matter of Paris v Paris,* 95 AD2d 857, 858). The psychologist also con-

ceded that if defendant were awarded custody, he would not encourage a positive relationship between the children and plaintiff *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 948). Furthermore, Family Court's decision was in accord with the Law Guardian's recommendation. We are thus unable to conclude that the court abused its discretion in not following the psychologist's recommendation *(see, Matter of Martello,* 77 AD2d 722).

As to the children's stated preference to live with defendant, their wishes are not to be considered determinative *(see, Eschbach v Eschbach, supra,* at 173). Here, Family Court expressly considered this factor, but determined that in view of defendant's conduct in alienating the children from plaintiff, and their young ages, custody should be given to plaintiff. The court thus properly based its decision on the children's ages and maturity and the potential for influence having been exerted over them *(see, supra).*

We turn next to plaintiff's cross appeal wherein she argues that the award of joint custody was improper. We agree. Joint custody is appropriate only in those situations where the parents' relationship is amicable and stable, and they are behaving in a mature and civilized manner in cooperation with each other *(Braiman v Braiman,* 44 NY2d 584, 589-590; *Matter of Sooy v Sooy,* 101 AD2d 287, 288, *affd sub nom. Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, *supra).* The record in this case is, however, replete with evidence that the parties are antagonistic to each other *(see, Reed v Reed,* 93 AD2d 105, 112) and that they were unable to make joint decisions in matters relating to the care and welfare of the children *(see, Matter of Bishop v Lansley,* 106 AD2d 732, 733). Therefore, under the circumstances, we find that the children's interests will best be served by awarding full legal custody to plaintiff.

As a final matter, we are in agreement with plaintiff that Family Court erred in its award of child support. When an action for divorce is commenced in Supreme Court, the jurisdiction of Family Court may not be invoked unless Supreme Court either refers the matter to Family Court or the spouse is likely to become a public charge *(see,* NY Const, art VI, § 13 [b] [4]; [c]; Family Ct Act § 464 [a], [b]; *Matter of Roy v Roy,* 109 AD2d 150, 152). In this case, the public assistance exception is not applicable and Supreme Court's order of referral was only on the question of custody and possession of the marital residence. Additionally, neither motion of the parties sought support and no sworn statements of net worth were

filed *(see,* Family Ct Act § 424-a [a], [b]; 22 NYCRR 202.16). There was also no testimony taken as to the financial status of either party. Therefore, the award of support was clearly improper.

Order modified, on the law and the facts, without costs, by reversing so much thereof as awarded joint custody to the parties and child support to plaintiff; plaintiff awarded full legal custody of the parties' children; and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.