Matter of S.C. v K.K. (2004 NY Slip Op 50734(U))

[*1]

Matter of S.C. v K.K.

2004 NY Slip Op 50734(U)

Decided on May 20, 2004

Family Court, Onondaga County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 20, 2004

Family Court, Onondaga County
In the Matter of S.C., Petitioner, 
against
K.K., Respondent.
F-00583-01/03B

Arnis V. Sprancmanis for petitioner. Elisabeth A. Barker for respondent.

Michael L. Hanuszczak, J.
On March 3, 2004, the Support Magistrate issued an Order of Disposition (Violation of Support Order) by Default. The instant case was then referred to a Family Court Judge for confirmation. The Court confirmed Respondent's willful violation of a lawful order of support and sentenced Respondent to a probationary term of twelve months on April 23, 2004, which is also the date that Petitioner, through counsel, filed a Notice of Motion for Attorney's Fees with the Court. Attached to the Notice of Motion is an Attorney's Affirmation in Support of Motion and an Invoice and Statement for Legal Fees Provided.
Petitioner's attorney seeks an award of attorney's fees in the amount of two thousand twenty-five dollars ($2025.00) for legal services provided the Petitioner in regards to her petition alleging a violation of the court order of support.
In child support proceedings, attorney's fees may be awarded pursuant to § 454(3) of the Family Court Act, which grants the Court broad discretion in awarding attorney's fees. (the State of New York ex rel. Schack v. Schack, 48 AD2d 791 [1st Dept. 1975]; Hatz v. Hatz, 116 Misc. 2d 490 [Fam. Ct. 1982].) In determining whether an award is appropriate, the Court may take into consideration the nature and difficulty of the problem, the results obtained, the financial circumstances of the parties and the benefits sought for the parties, among other factors within the Court's discretion. (Seago v. Arnold, 91 AD2d 835 [4th Dept. 1982]). In the instant case, the parties are both employed, and there are no extraordinary legal or factual circumstances applicable.
In making its determination, the Court has taken a number of factors into account. As the Petitioner is employed by counsel, her attorney's fees were originally waived as an employment benefit, and attorney's fees were not at issue until the parties' final appearance before the Court after the referral. The Support Magistrate's Order was confirmed after three appearances before the Court. At the first appearance, Respondent failed to appear; at the second appearance, Respondent denied willfulness; and at the third appearance, Respondent consented to the Court's confirmation of willfulness and was sentenced to probation. In addition to these three Court appearances, an additional appearance was later required on May 20, 2004, due to the [*2]Respondent counsel's request for oral argument regarding the motion for attorney's fees. In rendering its decision and calculating the amount of the award, the Court takes judicial notice that Petitioner's counsel did not seek attorney's fees until April 23, 2004.
At oral argument, Respondent's counsel relied upon § 1400.3 of the New York Court Rules, which states that,
An attorney who undertakes to represent a party and enters into an arrangement for, charges or collects any fee from a client shall execute a written agreement with the client setting forth in plain language the terms of compensation and the nature of services rendered.
However, pursuant to § 1400.1 of the New York Court Rules, this regulation does not apply "to attorneys representing clients without compensation paid by the client." In this case, Petitioner is not responsible for paying attorney's fees as she is employed by her attorney, and representation apparently was an employment benefit. It is therefore irrelevant whether Petitioner had a retainer agreement with counsel as she did not compensate counsel, thereby making § 1400.1 of the New York Court Rules inapplicable.
Attorney's fees are, however, clearly mandated by § 454(3) of the Family Court Act, upon a finding that a respondent has disobeyed a lawful order of support. According to Family Court Act § 454(3), "...upon a finding by the Court that a respondent has willfully failed to obey any lawful order of support, the Court shall order respondent to pay counsel fees to the attorney representing petitioner pursuant to section four hundred thirty-eight of this act." Pursuant to this statutory provision, it is irrelevant whether Petitioner retained counsel; the Court has the discretion to award attorney's fees based merely on the finding that the respondent willfully disobeyed a lawful order of support. (Riseley v. Riseley, 172 AD2d 1103, 1104 [3d Dept. 1991]).
The Court's confirmation of the Support Magistrate's willfulness finding meets the requirements set forth in § 454(3) of the Family Court Act regarding refusal to comply with a lawful order of support. Finally, the Court finds that the hourly rate of one hundred fifty dollars ($150) per hour charged by Petitioner's counsel was appropriate and reasonable based upon his experience and his reputation within the practicing bar.
While Petitioner's initial request was for two thousand twenty-five dollars ($2025.00), the Court has considered the fact that Petitioner's counsel originally did not pursue attorney=s fees as referenced in the Support Magistrate's order dated March 3, 2004, and Petitioner, in essence, waived pursuing attorney's fees until the April 23, 2004 appearance. Therefore an award of attorney's fees dating back to the first appearance before the Support Magistrate on October 3, 2003 is unwarranted. However, because the confirmation process before the Court required three appearances, as well as an additional appearance for oral argument, an award of attorney's fees for the period from March 8, 2004 through May 20, 2004 is appropriate and reasonable as Petitioner's attorney expended approximately eight (8) billable hours.
On the record before the Court, giving consideration to all of the relevant circumstances, an award of $1,207.50 is granted to the Petitioner as and for counsel fees, payable by the [*3]Respondent to the Petitioner's counsel.
NOW, based upon the proceedings herein, it is
ORDERED, that the Respondent pay the sum of One Thousand Two Hundred Seven and
50/100 ($1,207.50) Dollars to Petitioner's counsel within thirty days of entry of the Court's order.