■ In the Matter of TAVITA RIVERA, Respondent, v. MONSE RIVERA, Appellant.— Order, Family Court, New York County, entered August 14, 1973, increasing the amount of support required to be paid by respondent from $15 a week to $25 a week, unanimously reversed, on the law, without costs and without disbursements, and the cause remanded for a new hearing. The informality surrounding this proceeding, from inception to conclusion, was tantamount to a denial of due process. The notice advising respondent of the instant application for an "upward modification" of a previously granted support order omitted the basis for such request; at the hearing colloquy was substituted for testimony; and the burden of proof was shifted from petitioner to respondent. Moreover, the trial court's decision is devoid of any statement of facts deemed essential to its determination. (Family Ct. Act, § 165; CPLR 4213, subd. [b].) In the circumstances here presented, we find nothing in sections 442 and 443 of the Family Court Act authorizing such omission. Without knowing the basis for the increase directed we cannot properly review the same. To prevail in this proceeding, petitioner must satisfy the burden imposed upon her to show changed circumstances sufficient to justify the modification of an earlier award. (*Matter of Greene* v. *Hannon,* 39 A D 2d 681.) From the record before us we are unable to determine whether the trial court concluded that petitioner established her claim of increased need, or whether it disbelieved respondent's asserted lack of ability to make any increased payments, or both. Concur — Nunez, J. P., Kupferman, Murphy, Tilzer and Lane, JJ.