■ In the Matter of JOAN REYNOLDS, Respondent, v WAYNE D. REYNOLDS, Appellant.—Appeal from an order of the Family Court, Tompkins County, entered July 10, 1975, which directed appellant to make certain support payments. By order of the Family Court, Tompkins County, dated June 19, 1973, the appellant was directed to continue to pay the sum of $140 per week for the support of his four minor children as that court had temporarily ordered on December 8, 1972. Alleging that he had decreased those payments to $80 per week, the petitioner wife thereafter requested that he be "dealt with in accordance with section 454 of the Family Court Act." In response, appellant did not seriously contest the amount of his actual payments below the ordered level, but cross-moved for a modification of that prior order and a reduction in such payments upon the ground of changed circumstances. Following an appearance before the court at which both parties were represented by counsel, and following discussion between

respective counsel and the court, it was ordered that appellant pay the sum of $123 per week for the support of his children, plus reasonable medical and dental bills and bills relating to the real property which petitioner occupied with those children. That order must be reversed. It is plain that the court failed to act upon the submitted petition for enforcement of its prior order. The amount of any arrearages was not determined or fixed and the question of appellant's willful violation of that order was not even considered (cf. *Matter of Atkins v Atkins,* 28 AD2d 1098). Instead, the court proceeded upon appellant's application for a reduction of support payments and modified the prior order. While we recognize the informality of Family Court procedures (cf. *Matter of Antelo v Antelo,* 27 AD2d 825), the process by which the instant modification came about, whether it represents an increase or diminution of appellant's support obligation, was inherently flawed from start to finish. No formal hearing on his allegations was conducted, no witnesses were sworn and examined, and no findings of fact were made by the court. In reality, there was no meaningful hearing whatsoever preceding the instant order of modification, only a brief colloquy among court and counsel which cannot be permitted to substitute for testimony. Nor may the characterization of the instant order as being "temporary" secure its validity. This is not such an order as contemplated by section 434 of the Family Court Act; it is one pursuant to section 451 of that act and, as such, required a full hearing into the circumstances of the parties before any modification would be proper (cf. *Matter of Rivera v Rivera,* 43 AD2d 926; *Matter of Amicucci v Moore,* 42 AD2d 701). Order reversed, on the law and the facts, without costs, and matter remitted to the Family Court, Tompkins County, for further proceedings not inconsistent herewith. Herlihy, P. J., Kane, Koreman, Larkin and Reynolds, JJ., concur.