■ In the Matter of FRANCES MANERI, Respondent-Appellant, v SALVATORE MANERI, Appellant-Respondent. In the Matter of SALVATORE MANERI, Appellant-Respondent, v FRANCES MANERI, Respondent-Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, (1) the husband appeals from an order of the Family Court, Nassau County, entered April 1, 1975, which, *inter alia,* (a) granted the wife's application for an increase in support payments and (b) directed him to pay a counsel fee, and (2) the wife appeals, on the ground of inadequacy, from so much of the same order as limited the counsel fee to $250. The husband purports to also appeal from a further order of the same court, dated March 25, 1976, which directed his employer to deduct a certain sum per week from his salary. Order entered April 1, 1975, reversed, on the law and the facts, without costs or disbursements, and proceeding remanded to the Family Court for a new hearing on all issues. Appeal from the order dated March 25, 1976 dismissed, without costs or disbursements. The appeal from the payroll deduction order must be dismissed. Such an order is not an order of disposition, from which an appeal may be taken as of right. The husband would have to seek leave to appeal (see Family Ct Act, § 1112). Further, the husband attempted to perfect the appeal from that order by a letter to this court. Such practice is clearly improper. It would be more appropriate for the husband to seek relief pursuant to CPLR 5015 (subd [a], par 5). The husband is an articulate businessman and he initiated the proceeding now on appeal *pro se.* The Family Court advised him that he was entitled to an adjournment to seek counsel, but he insisted upon an immediate hearing, intending to rely on his own testimony; he did, in fact, cross-examine his adversary. He cannot now be heard to say that he was deprived of his right to counsel by the insensitivity of the Family Court (see *Matter of Cardona v Perez,* 28 AD2d 673). However, the innumerable gaps in the present record require a reversal and a new hearing. It was an abuse of discretion for the Family Court to more than triple the wife's outstanding support order on a record which does not establish the marital standard of living and any change in circumstances of the parties from the time that the outstanding support order was made (see *Kover v Kover,* 29 NY2d 408). Further, the right to a counsel fee is one which must be proved *(Brown v Brown,* 31 AD2d 516). Also, the Family Court should have set forth the facts essential to its determination (see CPLR 4213, subd [b]; Family Ct Act, § 165). Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.

■ In the Matter of CHARLES MELTON, Respondent, v PAUL REGAN, as Chairman of the New York State Board of Parole, et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to compel the New York State Board of Parole to furnish petitioner with a statement of the reasons for the denial of his application for release on parole, the appeal is from a judgment of the Supreme Court, Dutchess County, dated September 16, 1975, which granted the application to the extent of directing the Board of Parole to provide petitioner with a new parole hearing. Appeal dismissed as academic, without costs or disbursements. It appears that petitioner has been released from confinement. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.