■ In the Matter of SHIRLEY GAJEWSKI, Respondent, v GEORGE WIL-LIAMS, JR., Appellant.—In a support proceeding, the appeals (by permission) are from two orders of the Family Court, Queens County, dated May 20, 1976 and September 2, 1976, respectively, the first of which modified a prior order by directing appellant to pay "$200 bi-weekly" for the support of two children by a payroll deduction order, and the second of which, upon a finding that a child had reached her majority, modified the former order to "$100.00 bi-weekly" for the support of one child, and directed the payment of an additional "$50.00 bi-weekly until the arrears have been fully paid." Orders reversed, on the law, without costs or disbursements, and proceeding remanded to the Family Court for a new hearing in accordance herewith. The payroll deduction order of September 3, 1976 is to continue in force pending the final determination of the support proceeding in the Family

Court. The record of the proceedings in the Family Court contains insufficient evidence to sustain the orders. Before a support order can be modified there must be a determination, after a full and fair hearing, that the parties' relative situations had changed since the original support order was made (see *Matter of Reynolds v Reynolds,* 50 AD2d 993; *Matter of Amicucci v Moore,* 42 AD2d 701). A determination should also be made of the arrears outstanding between the years of 1972 to 1976. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.