OPINION OF THE COURT
Arthur Abrams, J.
In this article 4 of the Family Court Act proceeding, the respondent moves to dismiss two petitions which seek respectively an upward modification of the existing Family Court order of alimony and a finding of willful contempt, etc.
The voluminous court file indicates that the parties have been in and out of Family Court since May of 1971 when this court enforced the support provisions of a 1969 Mexican divorce decree which incorporated but did not merge a 1969 separation agreement. Subsequent to the enforcement order, the parties have instituted numerous proceedings for modification of the alimony order. The most recent Family Court order, to wit: June 16, 1980, provides for the payment of $225 per week consisting of $175 current alimony and $50 on account of arrears. Furthermore, there is a payroll deduction order on the respondent’s salary.
The respondent moves to dismiss the modification petition filed on November 30, 1981 on the grounds that the petitioner failed to allege a substantial change of circumstances since the entry of the aforesaid order. The court agrees with the respondent and finds that the modifi *490 cation petition fails to allege the requisite change of circumstances. The bare allegation that the respondent’s salary is in excess of $60,000 per year and that the petitioner suffers financial hardship due to the present order fails to state a cause of action. The petition is devoid of any factual assertions from which this court may determine whether a hearing relative to the disputed issues is necessary. At the very least, the moving papers should establish a sufficient showing of changed circumstances to warrant a hearing. (Gagliardi v Gagliardi, 18 AD2d 788; 11B Zett-Edmonds-Schwartz, NY Civ Prac, § 41.02.) An alimony award may only be increased upon a showing of substantial change of circumstances and the burden of proving the change rests upon the party seeking the modification. (Kover v Kover, 29 NY2d 408; Hickland v Hickland, 56 AD2d 978; Matter of Maneri v Maneri, 54 AD2d 716.)
In his affirmation in opposition to this motion, petitioner’s attorney avers certain facts and conclusions not contained in the petition. However, even if true, these allegations cannot bootstrap an inadequate petition. To reiterate, we find that the petition fails to state a cause of action and, accordingly the respondent’s motion to dismiss the modification petition is granted without prejudice to a renewal of the petition upon proper grounds (CPLR 3211, subd [a], par 7).
The respondent seeks to dismiss the contempt petition on the grounds that there is not any allegation that he violated an outstanding Family Court order. The only allegation is that the respondent violated a Supreme Court money judgment. This court concurs with the respondent’s contention and finds that we lack subject matter jurisdiction. In her petition, sworn to on November 9, 1981, the petitioner alleges that the last payment she received from the respondent was for $450 on October 21, 1981. Seemingly, this payment represents the ordered current support. The petitioner concedes in paragraph 14 of her opposing papers that the respondent is “paying the sum of $225.00 per week pursuant to a wage deduction order from his salary in that sum”. Predicated on petitioner’s own documents this court concludes that respondent is current in his support payments.
*491 Apparently, the gravamen of petitioner’s case is the respondent’s alleged failure to pay $700 per month on a money judgment emanating from the Supreme Court. Indeed, paragraph 20 of her opposing papers substantiates that her petition is “based upon the failure of the respondent to abide by the direction of the Honorable Thomas V. Mallon that he (respondent) continue to pay the sum of $700.00 per month on the money judgment in the Supreme Court of Suffolk County”. If as the petitioner asserts, the Honorable Thomas V. Mallon directed the respondent to abide by a Supreme Court order, such direction was never reduced to a Family Court order. More important, the Family Court lacks the subject matter jurisdiction to punish the respondent for failure to comply with a money judgment of the Supreme Court. Without a specific statutory grant of authority, the Family Court is powerless to act, it is a court of limited jurisdiction. (Matter of Mouscardy v Mouscardy, 63 AD2d 973; Matter of Borkowski v Borkowski, 38 AD2d 752.) The Family Court derives its powers from section 13 of article VI of the New York State Constitution and from section 115 (subd [a], par [ii]) of the Family Court Act which states that the court has exclusive original jurisdiction over support proceedings as set forth in article 4 of the Family Court Act. Section 454 of the Family Court Act authorizes Family Court to act where there is a willful violation of any lawful or der issued under article 4 of the Family Court Act. A Supreme Court money judgment is not such a lawful order within the meaning of section 454 of the Family Court Act. Accordingly, the respondent’s motion to dismiss the contempt petition is granted on the grounds that this court lacks jurisdiction over the subject matter. (CPLR 3211, subd [a], par 2.)
The disposition department is, therefore, directed to prepare appropriate orders to dismiss the said petitions.