■ In the Matter of CATHERINE NOWACKI, Respondent, v JOHN NOWACKI, Appellant. — In a support proceeding pursuant to article 4 of the Family Court Act, the husband appeals from an order of the Family Court, Orange County (Mishkin, J.), dated March 15, 1982, which, after a hearing, directed him to

pay $175 per week in support of his wife and two minor children, and an additional sum of $25 per week on arrears of $175. Order reversed, without costs or disbursements, and proceeding remanded to the Family Court, Orange County, for further proceedings consistent herewith. The direction that the husband pay $175 per week for the support of the wife and their two children, contained in the order dated March 15, 1982, shall continue in force as a temporary order of support pursuant to section 434 of the Family Court Act, pending final determination of the support proceeding. Appellant asserts, *inter alia,* that the procedures followed by the Family Court in conducting the hearing did not comply with the requirements of section 433 of the Family Court Act. The record establishes that the court properly advised appellant, who appeared *pro se,* of the contents of the support petition, of his right to counsel, and of his entitlement to an adjournment to obtain counsel (see *Matter of Krieger v Krieger,* 43 AD2d 954; *Matter of Maneri v Maneri,* 54 AD2d 716). However, the proceedings at issue were defective in that the court failed to inform appellant of his right to present witnesses, and confront and examine adverse witnesses (see *Matter of Eagen v Bolden,* 51 AD2d 1017, 1018; *Matter of Whitener v Whitener,* 37 AD2d 979, 980). While appellant testified at the hearing, which was conducted almost entirely by the court, the wife did not. We conclude that the Family Court abused its discretion in making a determination as to the amount of support required based merely upon the unsworn statements of the wife's attorney and unverified financial data sheets, rather than the wife's personal testimony supported by appropriate documentary evidence of her expenses and outstanding accounts (see *Matter of Reynolds v Reynolds,* 50 AD2d 993; *Matter of Rensselaer County Dept. of Social Servs. v Cossart,* 38 AD2d 635; see, also, *Matter of Eagen v Bolden, supra*). We additionally note that the court should have set forth the facts essential to its determination (see *Matter of Maneri v Maneri, supra;* CPLR 4213, subd [b]; Family Ct Act, § 165). In view of the present financial needs of appellant's wife and two children, pending final determination of this matter, the direction that appellant pay $175 per week for their support, contained in the order of the Family Court, should continue in force as a temporary order of support, pursuant to section 434 of the Family Court Act (see *Matter of Gajewski v Williams,* 56 AD2d 627; *Matter of Antelo v Antelo,* 27 AD2d 825; *Matter of Kennedy v De Los Reyes,* 26 AD2d 815). Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.