■ In the Matter of ROBERT M. TOFT, as Tioga County Commissioner of Social Services, on Behalf of ANNEIDA BEAVERS, Respondent, v MICHAEL BEAVERS, Appellant.—Per Curiam.

Petitioner commenced the instant support proceeding pursuant to Family Court Act article 4 on behalf of respondent's wife and children (hereinafter the recipients) seeking reimbursement from respondent for public assistance benefits paid to the recipients. The petition alleged in substance that respondent, who lived with the recipients and with them had received public assistance, had failed to comply with departmental rules and regulations requiring employable adult welfare recipients to report to the State Employment Service and participate in its public works project (see, 18 NYCRR 385.3 [a]; 387.7 [a]); as a result, respondent's family's aggregate public assistance was reduced. Petitioner sought an order compelling respondent to cooperate with both the public works project and the State Employment Service. After an informal colloquy during respondent's initial appearance on the petition, Family Court ordered respondent to reapply for public assistance, report to an assigned work project, and based upon respondent's statement regarding his expected future employment, ordered him to thereafter pay $100 per week in support.

On appeal respondent claims that Family Court acted in excess of its jurisdiction in ordering him to apply for public assistance and report to an assigned work project and that there was no evidentiary basis for Family Court's order that he make future support payments of $100 a week. We agree with these contentions.

Family Court is a court of limited jurisdiction, authorized to entertain certain well-defined classes of action, including proceedings to compel the support of dependents (NY Const, art IV, § 13; Family Ct Act §§ 114, 115, 411). However, neither the New York Constitution nor the Family Court Act gives Family Court jurisdiction over a proceeding to compel a respondent to either apply for public assistance or to cooperate with a public works project (see, id.; see also, Matter of Thompson, 79 AD2d 880; Matter of Walker v Buscaglia, 71 AD2d 315, 319-320).

Regarding Family Court's order to pay support, it has been repeatedly held that information informally obtained via unsworn statements in court does not provide a sufficient basis upon which to make a support order (see, Matter of Eason v Eason, 86 AD2d 666; Matter of Smith v Smith, 70 AD2d 938; Matter of Rensselaer County Dept. of Social Servs. v Cossart, 38 AD2d 635, 636). Since the colloquy upon which Family Court based its order did not constitute legal evidence, the direction to pay support contained in the order must also be

reversed. We note that the record is devoid of any indication that respondent consented or stipulated to the amount that the court ordered (see, Family Ct Act § 571 [5]).

Order reversed, on the law, with costs, and matter remitted to the Family Court of Tioga County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.