OPINION OF THE COURT
David S. Nelson
The petitioner filed a petition with this court alleging that the respondent was chargeable with the support of a, child *829 born to the parties. The matter was referred to a Hearing Examiner of this court for determination. After a trial the Hearing Examiner entered an order which provided, inter alla, that the respondent "actively search for employment that he is able to do and to submit search for employment forms to the Support Collection Unit on a monthly basis commencing May 31, 1987.”
Respondent filed objections to the order of the Hearing Examiner alleging that this court has no jurisdiction to order him to actively search for employment or submit "search for employment” forms. This court agrees.
Family Court Act § 440 specifies the contents of an order of support and, in effect, enumerates those matters that this court has authority to require of a person chargeable with support. Thus, this court can require a respondent keep the Support Collection Unit advised of Social Security numbers, names and addresses of employers, changes of employer, and changes of employment status affecting compensation received, including rate of compensation or loss of employment. The court can also order the person chargeable with support to keep the Support Collection Unit advised of his or her current employer and current employment status. At no place in this section, or in any other section of article 4, 5 or 5-A of the Family Court Act, is there provision for the court to order a person chargeable with support to search for employment or to complete "search for employment” forms.
Family Court is a court of limited jurisdiction and has the power to enter orders only in those classes of action in which it has been given specific authority to hear the issue (NY Const, art VI, § 13). Case law has repeatedly emphasized this limited jurisdiction of the Family Court. In Matter of Toft v Beavers, the Third Department held that Family Court has no jurisdiction to compel a respondent to either apply for public assistance or to cooperate with a public works project (Matter of Toft v Beavers, 124 AD2d 263 [3d Dept 1986]). Courts have also held that Family Court has no authority to direct a Department of Social Services to cease limiting the acceptable forms of payment through the Support Collection Unit (Matter of Fairchild v Gretch, 80 AD2d 724 [4th Dept 1981]); to order compliance with the Public Health Law (Matter of Thompson, 79 AD2d 880 [4th Dept 1980]); or to order public assistance terminated (Matter of Walker v Buscaglia, 71 AD2d 315 [4th Dept 1979]). The order in this case is similar to the order in Matter of Toft v Beavers (124 AD2d 263, supra).
*830 Family Court Act § 443 provides that a parent is chargeable with the support of a child if "possessed of sufficient means or able to earn such means”. Assuming the court finds that a respondent is capable of working and earning sufficient means, then the court must enter an order of support. In the instant case respondent was not employed and claimed a disability prevented him from performing certain, but not all, work; he was, however, found to have sufficient means to pay $15 per week. If respondent is brought before the court for having violated the support order, he may argue that he did not have the means to comply with the order. At that time his efforts to find employment will be relevant to the issue of whether or not respondent willfully failed to obey an order of this court. (See, Matter of Nassau County Dept. of Social Servs. v Walker, 95 AD2d 855 [2d Dept 1983]; Matter of Pirie v Law, 92 AD2d 701 [3d Dept 1983].) However, the lack of employment by respondent does not give this court the power to direct him to search for employment in the initial support order, no matter how desirable or appropriate such a direction may be.
It is suggested that this may be an area for legislative action to amend the statute to give Family Court the power to direct persons to search for employment and to keep records of their efforts to find employment. Many of the respondents before this court in support cases are unemployed, have been unemployed for some time, and show no inclination to look for any type of employment. Family Court should have the authority to compel individuals, under threat of contempt, to seek employment. Family Court should be given the right to include "search for employment” directives in support orders entered against unemployed persons who are chargeable with the support to their children. Until such a change is enacted by the New York State Legislature, it is the decision of this court that it has no authority to enter such an order. Objections of the respondent are sustained.