■ SUSAN S. WABY, Respondent, v RONALD J. WABY, Appellant.—Order unanimously reversed on the law without costs and matter remitted to Cayuga County Family Court for further proceedings, in accordance with the following memorandum: Petitioner sought upward modification of the child

support provisions contained in a separation agreement that was incorporated but not merged in a subsequent judgment of divorce. Petitioner alleged that a change in circumstances had occurred since entry of the divorce decree warranting an increase in child support because the children were older, their needs were greater, the amounts provided in the decree were inadequate and the financial resources of respondent had increased. On June 29, 1987, Family Court made a temporary order directing appellant to pay child support increased from $20 per week to $50 per week for each of the two children. The record establishes that the court properly advised respondent, who initially appeared *pro se,* of the contents of the petition and of his entitlement to an adjournment to obtain an attorney. The matter was then adjourned to enable respondent to obtain counsel. On the adjourned date, after hearing respondent's counsel and petitioner's response to inquiry regarding her gross weekly income, the court made permanent its prior temporary order of support.

We recognize that frequently the procedures in Family Court are informal; however, the support modification process here was inherently flawed *(cf., Matter of Antelo v Antelo,* 27 AD2d 825). No formal hearing on the allegations of the petition was conducted, no witnesses were sworn and examined, and no findings of fact were made by the court *(see, Matter of Maneri v Maneri,* 54 AD2d 716; CPLR 4213 [b]; Family Ct Act § 433). "A hearing need not follow any particular form, but any meaningful hearing must, at least, consist of an adducement of proof coupled with an opportunity to rebut it" *(Matter of Schwartz v Schwartz,* 23 AD2d 204, 207). The colloquy among petitioner, the court and respondent's counsel cannot provide a substitute for testimony *(see, Matter of Toft v Beavers,* 124 AD2d 263, 264; *Matter of Nowacki v Nowacki,* 90 AD2d 795; *Matter of Reynolds v Reynolds,* 50 AD2d 993). Moreover, the record provides no evidence regarding the best interests of the children, and insufficient evidence concerning the financial circumstances of the parties *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Boden v Boden,* 42 NY2d 210, 212-213). (Appeal from order of Cayuga County Family Court, Corning, J.—child support.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.