■ In the Matter of ALEXANDRA PENA, Respondent, v GUILLERMO DIAZ, Appellant. [712 NYS2d 614] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Queens County (Blaustein, H.E.), dated March 9, 1998, which, upon the granting of the mother's application to preclude evidence of the father's finances, and after a hearing, granted the mother's petition for child support and directed him to pay $1,300 per month in child support, (2) an order of the same court, also dated March 9, 1998, which directed his employer to deduct the sum of $1,300 per month from his earnings, and (3) an order of the same court (Lauria, J.), dated July 17, 1998, which denied his objections to the orders dated March 9, 1998.

Ordered that the appeals from the orders dated March 9,

1998, are dismissed, as those orders were superseded by the order dated July 17, 1998; and it is further,

Ordered that the order dated July 17, 1998, is reversed, on the law, the objections are sustained, the orders dated March 9, 1998, are vacated, the mother's application to preclude evidence of the father's finances is denied, and the matter is remitted to the Family Court, Queens County, for a new hearing in accordance herewith and a recalculation of the father's income and support obligation.

The Family Court erred in granting the mother's application to preclude evidence of the father's finances. CPLR 3126 provides that a court may, *inter alia*, prohibit a party from producing evidence if that party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed". However, the Family Court granted the application based on the father's misrepresentation as to why he missed a scheduled court appearance, rather than because the father refused to obey an order for disclosure or failed to disclose information which ought to have been disclosed. Without the father's financial information, the Family Court had insufficient evidence to determine the parents' gross income under the Child Support Standards Act (*see,* Family Ct Act § 413 [1] [k]; *Matter of Grossman v Grossman,* 248 AD2d 536). We therefore remit the matter to the Family Court for a new hearing on the petition, at which the father may present evidence of his financial circumstances, and a recalculation of the father's income and support obligation (*see, Matter of Smith v Smith,* 197 AD2d 830). Ritter, J. P., Thompson, S. Miller and Florio, JJ., concur.