■ DAVID L. PASSALACQUA, Appellant, v PATRICIA A. PASSALACQUA, Respondent. [857 NYS2d 395]—

Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered June 1, 2007 in a divorce action. The judgment, among other things, distributed the parties' property.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the 3rd through 13th decretal paragraphs and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Ontario County, for a new hearing in accordance with the following memorandum: In this divorce action, plaintiff appeals from an order that, inter alia, determined the issues of maintenance, custody, and child support and distributed the parties' property. We note at the outset that, although the order from which the appeal was taken was subsumed in the subsequent judgment (*see Matter of Amherst Med. Park, Inc. v Amherst Orthopedics, P.C.*, 31 AD3d 1131, 1132 [2006]), we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]). We agree with plaintiff that, apart from those parts of the judgment granting the parties mutual divorces, the remainder of the judgment has no evidentiary basis in the record, and we therefore modify the judgment accordingly. The matter was referred to a Matrimonial Referee, who merely attempted to negotiate a settlement of the issues raised by the parties. No testimony was presented by either party. The Matrimonial Referee was unable to negotiate a settlement, however, and he then based his determination of the issues upon the unsworn statements of the parties during the settlement negotiations, which he deemed to be testimony. Although no exhibits were introduced by either party, the Matrimonial Referee relied upon the parties' descriptions of several prior orders in determining the issues before him.

Here, we are unable to review the propriety of the judgment with respect to the issues before the Matrimonial Referee inasmuch as the "the record is confusing and incomplete, [and] the 'contentions of the parties differ very sharply'" (*Weckstein v Breitbart*, 111 AD2d 6, 8 [1985]). Furthermore, it is unclear whether the Matrimonial Referee relied upon documents not admitted in evidence (*see generally Waby v Waby*, 143 AD2d 506, 507 [1988]; *Matter of Toft v Beavers*, 124 AD2d 263, 264-265 [1986]), and we note in addition the well-established principle that, with exceptions not relevant here, unsworn testimony is

inadmissible in a civil case (*see* Prince, Richardson on Evidence § 6-104 [Farrell 11th ed]). We thus conclude that the errors of the Matrimonial Referee rendered this matter " 'inherently flawed' " (*Matter of Ademovic v Reid*, 1 AD3d 899, 899 [2003], quoting *Waby*, 143 AD2d at 507). We therefore remit the matter to Supreme Court for a new hearing on all issues with the exception of the mutual divorces granted to the parties. Present— Hurlbutt, J.P., Smith, Centra, Green and Gorski, JJ.