In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Lim, J.), dated September 14, 2007, as denied his objections to an order of the same court (La Freniere, S.M.), dated January 4, 2007, which, after a hearing, granted the mother’s petition for an upward modification of his child support obligation.
Ordered that the order dated September 14, 2007 is reversed insofar as appealed from, on the law, the facts, and in the exercise of discretion, without costs or disbursements, the father’s objections are sustained, the order dated January 4, 2007 is vacated, and the matter is remitted to the Family Court, Kings County, for a new hearing in accordance herewith, before a different Support Magistrate and, thereafter, a new determination of the mother’s petition.
Although great deference should be given to the credibility determinations of the Support Magistrate (see Matter of Fragola v Alfaro, 45 AD3d 684, 685 [2007]; Matter of Accettulli v Accet *474 tulli, 38 AD3d 766, 767 [2007]; see also Matter of Strella v Ferro, 42 AD3d 544, 545 [2007]; Matter of Musarra v Musarra, 28 AD3d 668, 669 [2006]; Matter of Bailey v Bailey, 15 AD3d 577 [2005]), the record on appeal reveals that the Support Magistrate made her determination regarding the father’s responsibility for the subject children’s expenses without considering the father’s proffered financial disclosure. Additionally, the Support Magistrate precluded the father from offering evidence as to his financial ability to pay support based on his failure to meet with his pro bono attorney, “rather than because the father refused to obey an order for disclosure or failed to disclose information which ought to have been disclosed” (.Matter of Pena v Diaz, 275 AD2d 415, 416 [2000]). Accordingly, under the facts of this case, we deem it appropriate to remit the matter to the Family Court, Kings County, for a new hearing, before a different Support Magistrate and, thereafter, a new determination of the mother’s petition. Florio, J.E, Angiolillo, McCarthy and Chambers, JJ., concur.