■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUSSAIN M. CABA, Appellant. [887 NYS2d 709]—

Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 3, 2008, upon a verdict convicting defendant of the crime of criminal sexual act in the second degree.

In June 2006, defendant was at the residence of the victim's aunt and uncle in the City of Binghamton, Broome County. The victim, then 14 years old, often spent weekends there with her five cousins who ranged in age from 8 to 20 years. Defendant, who was then 22 years old and had apparently previously had a relationship with the oldest of the victim's cousins, occasionally visited the Binghamton residence with a couple of his friends. During one such visit, defendant and the victim were allegedly alone in an apartment on the property, and defendant asked the victim to perform oral sex upon him, which she did. During the ensuing month, the victim began to reveal to various family members the events that had transpired and, eventually, in mid-July 2006, she told her father of her activity with defendant. Her father contacted police and defendant was indicted for criminal sexual act in the second degree. He was convicted of the charged crime following a jury trial and sentenced to one year in jail. Defendant appeals.

Defendant initially contends that his conviction was against the weight of the evidence. Since a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]; *see People v Danielson*, 9 NY3d 342, 348 [2007]). The ages of the victim and defendant are not disputed. Conflicting evidence was presented, however, as to whether the alleged sexual conduct occurred. The victim described the incident in her testimony. Defendant, on the other hand, testified in his own defense and denied that the

incident ever occurred. The victim's oldest cousin claimed that defendant acknowledged the acts to her, but defendant countered that she was a rejected former paramour looking for revenge. This evidence, as well as the other proof at trial, painted starkly contrasting versions of events. The jury, which had the advantage of hearing the witnesses and observing their demeanor (*see People v Romero*, 7 NY3d 633, 644-645 [2006]), made the difficult credibility determinations and, upon review of the record, we find the verdict supported by the weight of the evidence.

We find merit, however, in two issues advanced by defendant which, although not properly preserved, nevertheless cause us to conclude that he was deprived of a fair trial and, accordingly, we exercise our discretion and reverse in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Skinner*, 298 AD2d 625, 626-627 [2002]). First, the victim's version of events was repeatedly bolstered by statements she reportedly made to various people well after a time frame that could be considered as a prompt outcry (*see People v McDaniel*, 81 NY2d 10, 16-17 [1993]). These statements did not otherwise fall within a recognized exception to the rule against bolstering through the use of prior consistent statements to attempt to strengthen a witness's credibility (*see People v Buie*, 86 NY2d 501, 510-511 [1995]).

Second, the prosecutor cross-examined an important fact witness called by defendant regarding the fact that the oath had been administered to him by the clerk using a book that ostensibly was not sacred to that witness's particular religion. The inquiry on this topic, which was pursued further on redirect and then by County Court, veered too far into an impermissible discussion in front of the jury of various aspects of the witness's religious beliefs. This line of questioning by the prosecutor was directed at the witness's credibility. "With limited exceptions not relevant here, any attempt to discredit or otherwise penalize a witness because of his [or her] religious beliefs or for the exercise of his [or her] right to affirm the truth of his [or her] testimony is improper, because those factors are irrelevant to the issue of credibility" (*People v Wood*, 66 NY2d 374, 378 [1985] [citations omitted]). An oath or affirmation is sufficient if "administered in a form calculated to awaken the conscience and impress the mind of the person taking it in accordance with his [or her] religious or ethical beliefs" (CPLR 2309 [b]; *see People v Wood*, 66 NY2d at 378). If the prosecutor was concerned that the oath administered by the clerk to this witness was insufficient because the clerk did not produce a book sacred to the witness's religion, the appropriate approach would have been to request questioning of the witness outside the presence

of the jury to determine whether he had been impressed with his duty to testify truthfully (*see United States v Kalaydjian*, 784 F2d 53, 55 [2d Cir 1986]; 3 Mueller and Kirkpatrick, Federal Evidence § 6:8 [3d ed]).

Since this case turned on the issue of credibility, the combined effect of these two errors—both of which involved credibility of witnesses—cannot be deemed harmless (*see People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]).

Peters, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Broome County for a new trial.