■ In the Matter of FERNANDO NUESI, Appellant, v IRADI GAGO, Respondent. [891 NYS2d 459]—

The father's contention that the Support Magistrate failed to conduct a proper hearing on the issue of emancipation is without merit. The father and mother were sworn and examined, and findings of fact were made regarding emancipation (*cf. Matter of Pringle v Pringle,* 296 AD2d 828 [2002]; *Waby v Waby,* 143 AD2d 506 [1988]; *Matter of Reynolds v Reynolds,* 50 AD2d 993 [1975]). "A hearing need not follow any particular form, but any meaningful hearing must, at least, consist of an adducement of proof coupled with an opportunity to rebut it" (*Waby v Waby,* 143 AD2d 506 [1988] [internal quotation marks omitted]; *see Matter of Thompson v Thompson,* 59 AD3d 1104 [2009]).

Here, the father was given an opportunity to provide the court with proof as to the child's emancipation, but failed to do so (*cf. Matter of Ademovic v Reid,* 1 AD3d 899 [2003] [hearing examiner did not allow father to speak in support of his modification petition, and summarily denied the petition]).

However, the Support Magistrate erred in failing to permit the father to submit evidence regarding his current financial

situation. The father was not given an opportunity to provide proof that he was unable to pay the current amount of child support. There was no claim that the father's financial records should be excluded on the grounds that he refused to obey a disclosure order, or failed to disclose information that ought to have been disclosed (*see* CPLR 3126; *Matter of Greenidge v Greenidge*, 56 AD3d 473 [2008]; *Matter of Pena v Diaz*, 275 AD2d 415 [2000]). Accordingly, the matter must be remitted to the Family Court, Kings County, for a new hearing on the issue of the father's ability to pay support, followed by a new determination of the petition for a downward modification.

The father's remaining contention is without merit. Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.