In the Matter of DEBRA McCARTHY, Appellant, v MICHAEL McCARTHY, Respondent. [913 NYS2d 565]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from (1) an order of the Family Court, Suffolk County (Hoffman, J.), dated August 11, 2009, which denied her objection to so much of an order of the same court (Orlando, S.M.), dated July 23, 2009, as, after a hearing, found that the father was not in violation of an order of the same court dated November 10, 2008, which required him, inter alia, to maintain his employer's health insurance coverage for the benefit of the children, and (2) an order of the same court, also dated August 11, 2009, which denied her objection to an order of the same court (Orlando, S.M.) dated June 15, 2009, which dismissed her petition to enforce an order of the Supreme Court, Suffolk County, dated October 2, 2008, for lack of jurisdiction.

Ordered that the orders dated August 11, 2009, are affirmed, without costs or disbursements.

The mother filed a petition in Family Court alleging that the father was in violation of an order of support which required him, inter alia, to maintain his employer's health insurance coverage for the benefit of the children and to contribute 50% of the children's unreimbursed medical expenses. At a hearing on that petition, the mother testified that she had been notified that the father's health insurance did not cover their 19-year-old daughter, who was not in school. She also testified that the expense of contact lenses for another daughter was not covered by the health insurance and that the lenses were not a medical necessity.

We agree with the Support Magistrate's finding that the foregoing did not establish a violation of the support order, as the 19-year-old daughter was not eligible for health insurance through the father's employer, and the contact lenses were not covered by the health insurance and were not a medical necessity. Furthermore, the order of support did not require the father to maintain health insurance beyond his employer's health insurance. Therefore, the Family Court properly denied the mother's objections to those aspects of the Support Magistrate's order.

The mother filed another petition with the Family Court in which she sought to enforce an order of the Supreme Court dated October 2, 2008, pertaining to the father's responsibility to pay certain expenses relating to the marital residence. The Support Magistrate properly dismissed that petition for lack of jurisdiction (*see Matter of Gambacorta v Gambacorta*, 45 AD3d 839 [2007]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.