■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT S. CLISBY, Appellant. [918 NYS2d 613]—

Kavanagh, J.

After defendant and the victim conceived a child, they ended their brief relationship. Subsequently, a temporary order of protection was issued by Family Court, which required defendant to, among other things, stay at least 1,000 feet away from the victim's residence. One month after the order was issued, the victim claimed that defendant violated its terms by driving his automobile into the parking lot of her apartment building while returning their child after a visit. Defendant was arrested and subsequently convicted after trial of criminal contempt in the second degree. He was later sentenced to 12 days in jail and three years of probation, and a $1,000 fine was imposed. Defendant now appeals.

While he denies being in the car when it entered the parking lot of the victim's apartment building, defendant does not raise that issue on appeal. Instead, defendant maintains that since the victim was not home at that time, such conduct, at best, constitutes a "technical violation" of the order and any charges filed against him should have been dismissed. We do not agree. The order clearly and unequivocally states that defendant cannot, under any circumstances, be within 1,000 feet of the victim's residence and is not in any way conditioned upon the victim being present. His presence in an automobile for whatever reason at that location, even absent any evidence that he harassed or alarmed the victim, constitutes a violation of the plain terms of the order and provides a legal basis upon which he could be found guilty of criminal contempt (*see People v Brown*, 61 AD3d 1007, 1010 [2009]; *compare People v Roblee*, 70 AD3d 225, 227-228 [2009]).

Further, defendant failed to preserve his claim that the prosecution, during trial, improperly bolstered the credibility of its witnesses (*see* CPL 470.05 [2]; *People v Lee*, 16 AD3d 704, 705 [2005], *lv denied* 4 NY3d 887 [2005]; *see also People v Dashosh*, 59 AD3d 731, 731 [2009], *lv denied* 12 NY3d 852 [2009]). More-

over, we decline to take corrective action because "a review of the cited errors fails to disclose that any of them operated to deprive defendant of due process or a fair trial" (*People v Cortese*, 79 AD3d 1281, 1283 [2010]; *compare People v Caba*, 66 AD3d 1121, 1123 [2009]).

Rose, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.