■ In the Matter of JOANN TURI, Appellant, v MITCHEL ROSEN, Respondent. [935 NYS2d 338]—

In 2010, the mother filed petitions alleging, respectively, that the father failed to comply with his obligation to maintain his employer's health insurance coverage for the benefit of the parties' younger son (hereinafter the son), as set forth in an order dated March 6, 2009, and that the father failed to comply with his obligation to pay a 50% share of the college expenses of the son. A hearing was held before a Support Magistrate on October 15, 2010, at which the mother testified, among other things, that she had been notified by the Orange County Support Collection Unit that the father was not carrying health insurance for the son. The father testified that the insurance company had informed him that the son was ineligible for health insurance benefits because the son was not attending college full time.

Contrary to the mother's contention, the evidence presented at the hearing did not establish that the father failed to comply with the order dated March 6, 2009. The son, who had not been attending college full time, was not eligible for health insurance through the father's employer at that time. Moreover, the order dated March 6, 2009, did not require the father to maintain health insurance beyond his employer's health insurance (*see Matter of McCarthy v McCarthy*, 79 AD3d 1130 [2010]).

The mother's sole contention on appeal with respect to the issue of college expenses is that she was not given an opportunity to be heard on that issue, as the Support Magistrate failed to conduct a proper hearing on that issue. " 'A hearing need not follow any particular form, but any meaningful hearing must, at least, consist of an adducement of proof coupled with an opportunity to rebut it' " (*Matter of Nuesi v Gago*, 68 AD3d 1122, 1122 [2009], quoting *Waby v Waby*, 143 AD2d 506, 507 [1988]). Here, both parties were sworn and examined regarding the father's obligation toward the son's college expenses, as well as

the son's failure to continuously attend college, and findings of fact were made on the issue (*see Matter of Nuesi v Gago*, 68 AD3d at 1122). Thus, contrary to the mother's contention, she was not deprived of an opportunity to be heard on the issue of college expenses. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.