Lahtinen, J.
Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered June 13, 2011 in Clinton County, upon a verdict convicting defendant of the crime of criminal contempt in the second degree.
Following a jury trial, defendant was convicted of the misdemeanor of criminal contempt in the second degree for his alleged intentional violation, in February 2011, of a two-year order of protection that had been issued under CPL 530.13 in October 2010. His CPL 330.30 motion to set aside the verdict was denied, and he was sentenced to one year in jail. Defendant appeals arguing that the provision of the October 2010 order of protection he was alleged to have violated directed him to stay away from a place—not a person—and, thus, was not a lawful mandate.
We affirm. Orders of protection for victims and certain witnesses may include a condition that a defendant “stay away from the home, school, business or place of employment” of such individuals (CPL 530.13 [1] [a]). Coming within the proscribed distance of such a place that is included in the order of protection can constitute a violation of the order even if the victim or witness for whom the order was issued is not present there at that time (see People v Clisby, 82 AD3d 1288, 1288 [2011]; see also People v Nuffer, 70 AD3d 1299, 1300 [2010]; People v Dewall, 15 AD3d 498, 501 [2005], lv denied 5 NY3d 787 *1079 [2005]). Here, the record, while somewhat sparse, reflects that the October 2010 order was issued with the consent of defendant as part of a plea bargain. Among other things, the order directed defendant to stay 1,000 feet away from three individuals and an apartment complex. Although the order did not specifically recite that the individuals resided at that apartment complex, the record establishes that they resided there and defendant was aware of such fact. Under the circumstances, we find defendant’s argument unavailing.
Peters, EJ., McCarthy and Egan Jr., JJ, concur.
Ordered that the judgment is affirmed.