■ In the Matter of YIGAL HEZI, Appellant, v ERICA HEZI, Respondent. (Proceeding No. 1.) In the Matter of ERICA HEZI, Respondent, v YIGAL HEZI, Appellant. (Proceeding No. 2.) [34 NYS3d 592]—

Appeal from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated April 6, 2015. The order denied the father's objections to an order of that court (Esther R. Furman, S.M.) entered December 23, 2014, which granted the mother's petition to enforce the college expenses provisions of the parties' stipulation of settlement and denied his petition for a downward modification of his child support obligation.

Ordered that the order dated April 6, 2015, is modified, on the law, by deleting the provision thereof denying the father's objections to so much of the order entered December 23, 2014, as granted the mother's petition to enforce the college expenses provisions of the parties' stipulation of settlement, and substituting therefor a provision granting the father's objections to that portion of the order entered December 23, 2014; as so modified, the order dated April 6, 2015, is affirmed, without costs or disbursements, so much of the order dated December 23, 2014, as granted the mother's petition to enforce the college expenses provisions of the parties' stipulation of settlement is vacated, and the matter is remitted to the Family Court, Westchester County, for a new hearing and determination on the mother's petition.

The parties are divorced and the subject child lives with the

mother. In a 2012 stipulation of settlement, the father agreed to pay $950 per month in child support for the subject child, which amount was based on an imputed gross income of $72,500 per year. The mother subsequently filed a petition to enforce the college expenses provisions of the parties' stipulation of settlement, and the father filed a petition for a downward modification of his child support obligation. In an order entered December 23, 2014, a Support Magistrate granted the mother's petition and denied the father's petition. In an order dated April 6, 2014, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.

The Family Court properly denied the father's objections to so much of the Support Magistrate's order as denied his petition for a downward modification of his child support obligation. "The court may modify an order of child support . . . upon a showing of a substantial change in circumstances" (Family Ct Act § 451 [3] [a]). The court may also modify an order of child support when "there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted. A reduction in income shall not be considered as a ground for modification unless it was involuntary and the party has made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (Family Ct Act § 451 [3] [b] [ii]). Deference should be given to credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses on this point (see Matter of Ippolito v Uriarte, 112 AD3d 716, 717 [2013]).

Here, the father failed to demonstrate that a substantial change in circumstances had occurred and that he had diligently searched for comparable employment (see Matter of Rolko v Intini, 128 AD3d 705, 706 [2015]). The father also failed to demonstrate that the subject child has been constructively emancipated (see Matter of Gansky v Gansky, 103 AD3d 894, 895 [2013]; Matter of Glen L.S. v Deborah A.S., 89 AD3d 856, 857 [2011]). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's denial of his petition.

However, the father's objections to so much of the Support Magistrate's order as granted the mother's petition to enforce the college expenses provisions of the parties' stipulation of settlement should have been granted. When the hearing on the petition was shortened due to time constraints, the Support Magistrate permitted the parties to submit two-page closing

arguments in writing. The mother submitted three lengthy affidavits and numerous exhibits not presented at the hearing, which the Support Magistrate evidently considered and partially relied upon in granting the mother's petition. The father had no opportunity to cross-examine the mother regarding her post-hearing statements, or to object to her exhibits.

Family Court Act § 433 (a) requires that a respondent "shall be given opportunity to be heard and to present witnesses." A hearing must consist of an adducement of proof coupled with an opportunity to rebut it (*see Matter of Nuesi v Gago*, 68 AD3d 1122 [2009]). Here, the Support Magistrate erred in considering the mother's affidavits and unverified financial information, rather than testimony supported by appropriate documentary evidence, in determining the mother's petition (*see e.g. Matter of Nowacki v Nowacki*, 90 AD2d 795 [1982]). As the father was deprived of the opportunity to rebut the mother's affidavits and exhibits, the matter must be remitted to the Family Court, Westchester County, for a new hearing and determination on the mother's petition (*see Matter of Delsoin v Cosby*, 61 AD3d 752 [2009]).

The father's remaining contentions are without merit. Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.