Matter of Christopher C. v Kimberly C. (2019 NY Slip Op 08464)





Matter of Christopher C. v Kimberly C.


2019 NY Slip Op 08464


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

527671

[*1]In the Matter of Christopher C., Appellant,
v
Kimberly C., Respondent.

Calendar Date: October 10, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Devine, JJ.


Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for appellant.
Joch & Kirby, Ithaca (Susan C. Kirby of counsel), for respondent.



Clark, J.
Appeal from an order of the Family Court of Tompkins County (Cassidy, J.), entered April 13, 2018, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior support obligation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 1999 and 2002). Pursuant to an April 2016 judgment of divorce, which was affirmed on appeal (Kimberly C. v Christopher C., 155 AD3d 1329 [2017]), the father has a monthly child support obligation of $6,181.02.[FN1] In July 2017, the father commenced this Family Ct Act article 4 proceeding seeking a downward modification of his child support obligation. A hearing was held before a Support Magistrate, who ultimately dismissed the petition based upon the father's failure to satisfy his burden of proof. Family Court denied the father's objections to the Support Magistrate's order, prompting this appeal.
We affirm. "[A] court may modify an order of child support . . . upon a showing of a substantial change in circumstances" by the party seeking the modification (Family Ct Act § 451 [3] [a]; see Matter of Freedman v Horike, 68 AD3d 1205, 1206 [2009], lv dismissed and denied 14 NY3d 811 [2010]). A court may also modify a child support obligation where "there has been a change in either party's gross income by [15%] or more since the order was entered," provided that such reduction "was involuntary and the party has made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (Family Ct Act § 451 [3] [b] [ii]; see Matter of Hezi v Hezi, 141 AD3d 587, 588 [2016]).
The hearing evidence established that the father has a Bachelor's degree in chemistry, a Juris Doctorate degree and a Master's degree in business administration, and he is a registered patent attorney in New York. The father testified that he is a co-owner of a New York law firm that practices patent law, but he derives little to no income from the firm given that he works full time for a Florida-based company, for which he serves as the Vice-President of Strategic Development and Technology License. The father testified that he primarily lives in Florida, but that he owns a duplex in New York — from which he derives rental income — and he anticipates an increased presence in New York as a result of an agreement to buy out his co-owner's interest in the law firm. Although the evidence — including the father's testimony, 2016 income tax return and paystubs from July 2017 through October 2017 — reflected that, due to company restructuring, the father's salary at the Florida-based company had been reduced by more than 15%, the father made no showing of an attempt to obtain comparable employment commensurate with his education, abilities and experience (see Matter of Valverde v Owens, 160 AD3d 753, 755 [2018]; Matter of Rizzo v Spear, 152 AD3d 774, 776 [2017]). As Family Court aptly put it, the father "presented no evidence [as to] why he would be incapable of earning a salary on-par with his historical earnings, even if his current jobs were not available to him." Nor did the father demonstrate that a substantial change in circumstances had occurred (see Matter of Hezi v Hezi, 141 AD3d at 588; Matter of Carr v Carr, 19 AD3d 839, 843 [2005]). Thus, as the record amply supports the determination that the father failed to demonstrate that a downward modification of his child support obligation was warranted, we will not disturb the order dismissing the father's petition (see Matter of Latimer v Cartin, 57 AD3d 1264, 1265 [2008]).
The father's remaining contentions are without merit.
Egan Jr., J.P., Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: This child support obligation commenced on January 1, 2014. Prior to that, from May 20, 2013 through December 31, 2013, the amount of the father's monthly child support obligation was $4,914.29.