Matter of Burnett v Andrews-Dyke (2020 NY Slip Op 03838)





Matter of Burnett v Andrews-Dyke


2020 NY Slip Op 03838


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

529704

[*1]In the Matter of William T. Burnett Jr., Petitioner,
v
Adrienne Jeane Andrews-Dyke, Appellant.

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Lindsay H. Kaplan, Kingston, for appellant.



Egan Jr., J.
Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered July 3, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and committed respondent to jail for three months.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2001). Pursuant to an October 2014 order of support, the mother was required to pay $284 per month in child support to the Support Collection Unit, as well as 31% of any unreimbursed health-related expenses for the child. In November 2017, the father filed a violation petition, alleging that the mother willfully violated the prior support order. The mother failed to appear at the subsequent hearing before the Support Magistrate and a default order was entered finding her to be in willful violation of the prior support order, a three-month period of incarceration was recommended, and the matter was referred to Family Court for confirmation.
Family Court thereafter granted the mother's application to appear telephonically at the confirmation hearing based upon her representation that she was unemployed, homeless and physically and financially unable to travel to personally appear in New York.[FN1] Following the May 2019 confirmation hearing, at which the mother appeared by telephone, Family Court reserved decision. In June 2019, Family Court issued a written decision, ruling that the mother's testimony was not competent because it was not sworn. The court issued an order confirming the finding of a willful violation and ordered that the mother be committed to jail for three months, subject to payment of a set purge amount. The mother appeals,[FN2] contending, as relevant here, that Family Court erred in not crediting her telephonic testimony at the confirmation hearing.[FN3]
We reverse. As relevant here, Family Ct Act § 433 gives Family Court the discretion to permit a party in a child support proceeding to testify by telephone where it determines that "it would be an undue hardship for such party . . . to testify . . . at the [F]amily [C]ourt where the case is pending" (Family Ct Act § 433 [c] [iii]). In turn, the corresponding implementing regulation to Family Ct Act § 433 provides that Family Court "may permit the testimony to be taken at any suitable location acceptable to the court, including but not limited to, the party's . . . counsel's office, personal residence or place of business" (22 NYCRR 205.44 [b]). Although Family Ct Act § 433 does not expressly require that telephonic testimony be sworn (see Family Ct Act § 433 [c], [d]; see also 22 NYCRR 205.44 [b]; Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 433), it is axiomatic that unsworn testimony, except in certain instances not applicable here, is generally inadmissible (see Passalacqua v Passalacqua, 50 AD3d 1462, 1463-1464 [2008]; Prince, Richardson on Evidence § 6-104 [Farrell 11th ed]). Instead, the person testifying is ordinarily required to take an oath administered in such a manner as "to awaken the conscience and impress the mind of the person taking it in accordance with his [or her] religious or ethical beliefs" (CPLR 2309 [b]; see People v Caba, 66 AD3d 1121, 1123-1124 [2009]; Collins v AA Truck Renting Corp., 209 AD2d 363, 363 [1994]). The purpose of administering such an oath is twofold: "(1) to awaken the witness to his [or her] moral duty to tell the truth, and (2) to deter false testimony by providing a legal ground for perjury prosecutions" (Matter of Brown v Ristich, 36 NY2d 183, 189 [1975]).
Here, the mother requested, and Family Court granted, permission to appear telephonically at the confirmation hearing (see Family Ct Act § 433 [c] [iii]). Family Court's order granting the mother's application to appear telephonically did not condition her appearance upon testifying from a location where a notary would be available to swear her in. At the ensuing hearing, when the mother's counsel called her to testify, Family Court noted that the mother was not in a location where a notary was present to administer an oath, but then permitted her to be questioned, without providing any indication that her answers would later be considered incompetent based upon the lack of an oath.
In noting the lack of a notary present with the mother to swear her in, Family Court correctly identified a critical issue about to unfold at the hearing, but then took no timely corrective action to address the issue, permitted the unsworn questioning to occur and then, in its written decision, found fault with the very unsworn testimony methodology that it had permitted to occur at the hearing. The correct course of action would have been for the court to explain up front that, if the mother wished to testify, she would have to do so under oath and then administer the oath itself if the mother had not made other suitable arrangements. Given that the mother was facing a potential period of incarceration of up to six months in the event that Family Court determined that her failure to pay child support was willful (see Family Ct. Act § 454 [3] [a]), the mother's testimony was essential to the court's determination as to whether she had had the ability to pay or willfully disobeyed the prior support order. Thus, having permitted the mother to give unsworn testimony telephonically, it was error for Family Court to thereafter sua sponte rule, nearly 1½ months after the hearing, that it would not credit the mother's testimony given that it was not sworn. Accordingly, under the circumstances, we find that this matter should be remitted to Family Court for a new hearing (see e.g. Passalacqua v Passalacqua, 50 AD3d at 1463-1464 [2008]; Matter of Amicucci v Moore, 42 AD2d 701, 701 [1973]). In light of our holding, we need not address the issue of willfulness or the mother's ability to pay the requisite child support payments.
Garry, P.J., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Ulster County for a new hearing.



Footnotes

Footnote 1: The mother, a resident of Michigan, subsequently moved to Wisconsin during the pendency of this proceeding.

Footnote 2: The mother's notice of appeal purports to appeal from an order entered July 3, 2019; however, both Family Court's order of commitment and its order confirming the willfulness finding were rendered on that date. To the extent that the mother explicitly challenges Family Court's finding of willfulness, we deem the mother's appeal to be from Family Court's July 3, 2019 order confirming the willfulness finding.

Footnote 3: The father did not file a brief on appeal.