Matter of Palombelli v Guglielmo (2020 NY Slip Op 05903)





Matter of Palombelli v Guglielmo


2020 NY Slip Op 05903


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-13419
 (Docket No. F-6893-13)

[*1]In the Matter of Robert M. Palombelli, respondent,
v
Angela M. Guglielmo, appellant.


W. David Eddy, Jr., White Plains, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated October 25, 2018. The order confirmed an order of disposition of the same court (Keri A. Fiore, S.M.), dated May 17, 2018, made after a hearing and upon the mother's default, finding that the mother willfully violated a prior order of child support, and committed the mother to the custody of the Westchester County Jail for a period of one month unless she paid the purge amount of $14,000.
ORDERED that the appeal from so much of the order dated October 25, 2018, as committed the mother to the custody of the Westchester County Jail for a period of one month is dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated October 25, 2018, is reversed insofar as reviewed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a new confirmation hearing.
The parties are the divorced parents of one child. In an order dated September 30, 2013 (hereinafter the child support order), the Family Court directed the mother to pay the father child support in the sum of $143 per week. Thereafter, in June 2017, the father commenced this proceeding pursuant to Family Court Act article 4 alleging that the mother was in willful violation of the child support order. Following a hearing at which the mother failed to appear, the Support Magistrate found that the mother willfully violated her support obligations. The Support Magistrate recommended that the mother be committed to the Westchester County Jail for a period of two months, and referred the matter to a Judge of the Family Court for confirmation pursuant to Family Court Act § 439(a). In the order appealed from, the Family Court confirmed the finding of a willful violation and committed the mother to the custody of the Westchester County Jail for a period of one month unless she paid the purge amount of $14,000.
Although the appeal from so much of the order as directed that the mother be incarcerated must be dismissed as academic, the appeal from so much of the order as confirmed the finding that the mother was in willful violation of her support obligations is not academic in light of the enduring consequences which could flow from the finding that she violated her support obligations (see Matter of Stradford v Blake, 141 AD3d 725, 726; Matter of Dezil v Garlick, 136 AD3d 904, 905).
Here, although the mother appeared in person before the Family Court at the confirmation of willfulness hearing, and proffered documentary and testimonial evidence in support of her assertion that she was indigent and unable to pay child support, the court did not permit the mother to adduce any evidence regarding her financial situation, and denied her request for an adjournment to obtain additional evidence of her inability to work. This was an abuse of discretion (cf. Matter of Brewster v Davidson, 173 AD3d 1176, 1177). Since the mother was facing a potential period of incarceration of up to six months in the event that the court determined that her failure to pay child support was willful (see Family Ct Act § 454[3][a]), the mother's testimony was "essential to the court's determination as to whether she had had the ability to pay or willfully disobeyed the prior support order" (Matter of Burnett v Andrews-Dyke, 185 AD3d 1196, 1198; cf. Altschul v Altschul, 84 AD2d 798). If the mother had been given an opportunity to substantiate her claimed inability to pay, and she had done so, the court would have been constrained to deny the father's petition (see Matter of Granberg v Granberg, 112 AD3d 714, 714; Matter of John T. v Olethea P., 64 AD3d 484, 485). Accordingly, we remit the matter for a new confirmation of willfulness hearing.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court